## State of Vermont v. Thomas Lafayette

[532 A.2d 560]

No. 86-519

Present: Allen, C.J., Peck, J., and Barney, C.J. (Ret.), Costello, D.J. (Ret.) and Martin, Supr. J., Specially Assigned

Opinion Filed July 24, 1987

*Melissa A. Dempf*, Chittenden County Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

*Jerry L. Schwarz*, Public Defender, Burlington, for Defendant-Appellant.

**Allen, C.J.** Defendant seeks permission to appeal, pursuant to V.R.A.P. 5(b)(1), from a decision of the district court denying transfer of a criminal proceeding to juvenile court under 33 V.S.A. § 635(b). The trial court denied defendant's motion for permission to appeal, concluding that its order did not involve a controlling question of law as to which there is a substantial ground for difference of opinion. Although we agree with this conclusion, we hold that this Court has jurisdiction over defendant's appeal under V.R.A.P. 3 and 4.

The decision to transfer a criminal proceeding to juvenile court is within the sound discretion of the trial court. 33 V.S.A. §

635(b); *State* v. *Powers*, 136 Vt. 167, 169, 385 A.2d 1067, 1068 (1978). Generally speaking, therefore, the only issues in an appeal from such an order would be the sufficiency of the findings made by the trial court to support its decision and whether it abused its discretion in denying transfer. See *State* v. *Jacobs*, 144 Vt. 70, 71-72, 472 A.2d 1247, 1248 (1984). This Court stated in *In re Pyramid Co.*, 141 Vt. 294, 449 A.2d 915 (1982), that "[a] question of law is one capable of accurate resolution by an appellate court without the benefit of a factual record. If factual distinctions could control the legal result, the issue is not an appropriate subject for interlocutory appeal." *Id.* at 304, 449 A.2d at 920. Clearly, the issues defendant seeks to appeal are not "controlling questions of law" within the meaning of V.R.A.P. 5, since their resolution hinges in large part, if not entirely, on an analysis of the factual record. The defendant could prevail only by demonstrating the inadequacy of the factual record to support the trial court's findings and judgment.

Moreover, appeal at this stage in the proceedings would not "materially advance the termination of the litigation." V.R.A.P. 5(b)(1). "An interlocutory appeal is proper only if it may advance the *ultimate* termination of a case. A . . . court must consider not only the time saved at trial, but also the time expended on appeal." *Pyramid*, 144 Vt. at 305, 449 A.2d at 921 (citations omitted). In the instant case the only relief this Court could grant is a transfer of the proceeding to a juvenile court. Defendant has made no showing that, if this Court were to entertain the appeal and reverse the decision of the district court, thereby mandating transfer of the cause to juvenile court, such a result would materially advance the termination of the litigation: The most that can be said is that transfer to juvenile court *may* produce an ultimate termination of the case more quickly than a criminal proceeding. The time that would be required for resolution of the appeal, combined with the uncertain possibility that transfer at this point would produce a more expeditious resolution, convinces us that this is precisely the sort of appeal V.R.A.P. 5 was intended to preclude.

Nevertheless, even though the district court's transfer order was not a final order in the traditional sense that it terminates the underlying action, this Court may have jurisdiction over the appeal if the order is one which is "appealable because it is a final disposition of a claimed right which is not an ingredient of the

cause of action and does not require consideration with it." *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546-47 (1949). In *Coopers & Lybrand v. Livesay*, 437 U.S. 463 (1978), the United States Supreme Court stated the elements of the *Cohen* collateral order exception to the finality rule this way:

> To come within the "small class" of decisions excepted from the final-judgment rule by *Cohen*, the order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment.

*Id.* at 468 (footnote omitted). When applied to the order challenged by defendant, all three elements of the test are met.

There can be no real dispute with respect to the first two requirements: The order conclusively determines that defendant will be tried as an adult, and this determination neither affects nor is affected by the merits of the prosecution. With respect to the third requirement, the question is not whether the order is appealable after final judgment, but whether "the rights asserted would be lost, probably irreparably, if review were delayed until the conclusion of proceedings in the [trial] court." *In re General Motors Corp. Engine Interchange Litigation*, 594 F.2d 1106, 1119 (7th Cir.), *cert. denied*, 444 U.S. 870 (1979).

The decision whether to transfer a cause between juvenile court and criminal court is a " 'critically important' action determining vitally important statutory rights of the juvenile." *Kent v. United States*, 383 U.S. 541, 556 (1966). The statutory rights affected by the transfer decision in Vermont are the right to a confidential hearing, 33 V.S.A. § 651(c), the right to avoid the stigma and other legal consequences associated with criminal conviction, 33 V.S.A. § 662(a), and the right, if incarcerated, to be segregated from the adult criminal population. 33 V.S.A. § 662(b). If defendant's sole avenue of relief is an appeal to this Court after criminal conviction, a decision by this Court that the transfer decision was erroneous does not have the capacity to remedy completely the deprivation of these important statutory rights. See *In re Juvenile Appeal (85-AB)*, 195 Conn. 303, 321-23, 488 A.2d 778, 782-83, 785-86 (1985) (Parksey, J., dissenting); *In re John Doe I*, 50 Haw. 537, 539, 444 P.2d 459, 460 (1968).

■ Recognizing that appeal after criminal trial cannot completely remedy the deprivation of rights guaranteed by the juvenile statutes, other courts have held that a transfer order is reviewable as a final judgment[1] under the *Cohen* collateral order exception. See *United States* v. *C. G.*, 736 F.2d 1474, 1476-77 (11th Cir. 1984); *In re John Doe I*, 50 Haw. at 538-39, 444 P.2d at 460; see also *In re Juvenile Appeal (85-AB)*, 195 Conn. at 316 n.2, 488 A.2d at 785 n.2 (Healey, J., dissenting). We join these courts and hold that when the injustice that would result if defendant were erroneously tried as an adult, and thereby denied the protections of chapter 12 of Title 33, is balanced against this Court's policy of avoiding piecemeal review, the balance clearly militates in favor of allowing appeal at this time.[2] See *United States* v. *C.G.*, 736 F.2d at 1477.

*Motion for permission to appeal pursuant to V.R.A.P. 5(b)(1) denied. For purposes of this case, the order denying transfer is treated as a final order. The time limits that commence under the Rules of Appellate Procedure on the date of filing of notice of appeal shall commence for purposes of this appeal on the date of this order.*

---

[1] It is clear from the defendant's filings with the Court that, in seeking permission to appeal, rather than attempting a direct appeal, defendant was relying on the suggestion in *State* v. *Jacobs*, 144 Vt. at 71, 472 A.2d at 1248, that this was the proper way to proceed. Since our holding today with respect to V.R.A.P. 5 makes clear that an appeal from a transfer ruling of the type involved here cannot be brought under V.R.A.P. 5, justice requires that defendant not be penalized for justifiable reliance on this aspect of the *Jacobs* decision. Accordingly, we will treat defendant's motion for permission to appeal filed in this Court as a notice of appeal for purposes of determining compliance with V.R.A.P. 3 and 4. Cf. V.R.A.P. 6(b) (order of Supreme Court granting permission to appeal is equivalent of notice of appeal).

[2] This holding is consistent with the recommendation of the IJA-ABA Juvenile Justice Standards Project. See Institute of Judicial Administration—American Bar Association: *Juvenile Justice Standards Project, Standards Relating to Transfers Between Courts* § 2.4; *Standards Relating to Appeals and Collateral Review* § 2.1B (1980).