## State of Vermont v. Leonard Drake

[552 A.2d 780]

No. 86-442

Present: **Allen, C.J., Peck, Dooley and Mahady, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed June 17, 1988

Motion for Reargument Denied July 22, 1988

*Theresa St. Helaire, Bennington County Deputy State's Attorney,* Bennington, for Plaintiff-Appellee.

*Walter M. Morris, Jr., Defendant General,* and *William A. Nelson* and *Henry Hinton, Appellate Defenders,* Montpelier, for Defendant-Appellant.

**Mahady, J.** The issue presented by this appeal is whether the State may present testimony at a criminal defendant's sentencing hearing as to prior alleged offenses for which the defendant has not been convicted. We hold that the State may do so if the defendant is provided at the sentencing hearing with an offer of use immunity protecting his own testimony and statements by way of allocution about such alleged prior criminal conduct. Here, no offer of immunity was made to defendant. Accordingly, we vacate the sentence imposed and remand for resentencing.

Defendant was convicted after trial of attempted sexual assault. Prior to trial he was also charged with two counts of lewd and

lascivious behavior. One of these counts had been dismissed prior to trial; the second was still pending at the time defendant was sentenced.

In the course of the sentencing hearing the State offered the testimony of the complaining witnesses in the two alleged incidents of lewd and lascivious behavior. The sentencing judge allowed these witnesses to testify over defendant's objection. Defendant did not testify. The court imposed a sentence of not less than one year and not more than five years to be served, and defendant appealed.

We have recognized that "[t]he knowledge of the life of a man, his background, his family, his past conduct, record and inclinations, is the only proper basis for the determination as to his sentence or treatment." *In re Morrill*, 129 Vt. 460, 465, 282 A.2d 811, 815 (1971). Therefore, the testimony of other alleged victims at a sentencing hearing has been upheld where the witnesses testified under oath and were subject to cross-examination. *State* v. *Rice*, 145 Vt. 25, 31, 483 A.2d 248, 252 (1984). We have held "that sentencing must be based on reliable factual information, with full disclosure sufficiently in advance of sentencing to allow an adequate opportunity for rebuttal. Evidence of other criminal acts by defendant, and any other information, is admissible if it satisfies the standards of V.R.Cr.P. 32(c)(2) — that is, if it is factual and helpful, or otherwise permitted . . . ." *State* v. *Ramsay*, 146 Vt. 70, 81-82, 499 A.2d 15, 22 (1985). We reaffirm these principles.

However, "[a]t the time of sentencing, either party may offer evidence on any disputed factual issues in open court . . . ." *Id.* at 78, 499 A.2d at 20. The defendant clearly has the right to present evidence, including his own testimony, to rebut or to mitigate the testimony of others as to alleged prior, unconvicted criminal conduct. Moreover, at the time of sentencing a criminal defendant has a right to speak on his own behalf. V.R.Cr.P. 32(a)(1). "Allocution in Vermont is not to be an empty act." *In re Stevens*, 144 Vt. 250, 260, 478 A.2d 212, 218 (1984).

These important rights may well be defeated in practice by a chilling effect of the "hard testimonial choice" faced by a defendant at a sentencing hearing where the State presents testimony concerning alleged prior criminal activity for which the defendant has not been convicted. Cf. *State* v. *Begins*, 147 Vt. 295, 298-99, 514 A.2d 719, 722 (1986) (when a probation revocation hearing is conducted before criminal trial, probationer's testimony will be

subject to exclusionary rule which will enable probationer to testify at the hearing without fear of subsequent self-incrimination). Such a defendant may remain silent, thereby surrendering these rights and leaving the State's evidence unchallenged, either by rebuttal or by mitigation. On the other hand, he may testify or speak, thereby running the grave risk of self-incrimination as to the alleged prior crimes.

As with the case of probation revocation hearings, "[t]his Court has a duty to insure that the administration of justice in Vermont operates as fairly as possible." *Id.* at 298, 514 A.2d at 722. The situation before us is clearly analogous to the one we faced in *Begins.* Accordingly, we adopt a similar rule:

> The testimony of a criminal defendant at a sentencing hearing and his statements by way of allocution, as well as any evidence derived from such testimony or statements, are inadmissible against the defendant during any subsequent criminal proceedings which charge alleged prior criminal activity as to which the State offered evidence at the sentencing hearing, save for purposes of impeachment or rebuttal where the defendant's testimony or statements at the sentencing hearing or evidence derived therefrom and his testimony on direct examination at the criminal proceedings are so clearly inconsistent as to warrant the trial court's admission of the sentencing hearing testimony or statements or its fruits in order to reveal to the trier of facts the probability that the defendant has committed perjury.

This rule, we believe, will successfully accommodate the competing interest of providing a sentencing judge with the most complete and reliable information upon which to fashion an appropriate sentence and that of safeguarding a defendant's right to testify and to be heard at a sentencing hearing.

*Sentence vacated. Cause remanded for resentencing.*

The State brings a motion for reargument in this case, pursuant to V.R.A.P. 40, claiming the Court overlooked or misapprehended two points of fact raised in the State's brief. We disagree.

The first point the State claims the Court overlooked was that one of two charges against defendant had been dismissed. The second point the State claims the Court overlooked was that the

remaining pending charge was no longer pending the moment the State called the witness in that case to the stand, in accordance with the sentencing court's ruling.

First, the Court specifically noted that one of the charges was no longer pending at the time of defendant's sentencing. *State* v. *Drake,* 150 Vt. 235, 236, 552 A.2d 780, 780 (1988). Second, this fact, and the somewhat dubious claim that the charge that was still pending was automatically dropped once a witness in that case was called to the stand, has no effect on the result in this case. The rule enunciated in *Drake* provides that any testimony, allocution or evidence derived from such testimony or statements made by the defendant "are inadmissible against the defendant during *any subsequent criminal proceedings . . . .*" *Id.* at 237, 552 A.2d at 781 (emphasis added). Under this rule, evidence of other charges of prior criminal activity, whether they were pending or dismissed, should not have been admitted without first offering use immunity to the defendant who must make a choice about taking the stand and what statements to make to the court by way of his right to allocution.

*For the foregoing reasons, the State's motion for reargument is denied. Defendant's motion for an accelerated mandate in this case is granted. The mandate shall issue forthwith.*