## STATE of Vermont v. Leonard FORTE

[553 A.2d 564]

No. 88-342

September 20, 1988. Defendant appeals a decision by the presiding judge denying a recusal motion based on the assertion that the judge reviewed materials concerning defendant which affected his impartiality. We dismiss the appeal.

Defendant filed his notice of appeal pursuant to V.R.A.P. 4 and 5, arguing that the judge's decision not to recuse was a collateral order directly reviewable under the authority of *State* v. *Lafayette*, 148 Vt. 288, 532 A.2d 560 (1987). But we made clear in *Lafayette* that in order to come within the narrow exception of the requirement of a final judgment under the rule set forth in *Cohen* v. *Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546-47 (1949), an order " 'must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment.' " 148 Vt. at 291, 532 A.2d at 561 (quoting *Coopers & Lybrand* v. *Livesay*, 437 U.S. 463, 468 (1978)). Defendant concedes that "attempts to achieve interlocutory review under the collateral order doctrine have been unavailing." *Federal Civil Appellate Jurisdiction: An Interlocutory Restatement*, 47 Law & Contemp. Probs. 13, 171 (1984). Nor does he explain how his case fulfills the third requirement of the *Cohen-Lafayette* test, that of nonreviewability. Judge Mandeville's decision is fully reviewable on appeal here, should there be one, as defendant tacitly concedes. The heart of defendant's argument is not that the recusal decision cannot be reviewed but that he might suffer irremediable injury in the course of review. However, the likelihood that the trial judge might decide issues of release pending appeal and sentencing establishes no more than the most speculative case for injury, and in any event does not make a final judgment unreviewable.

Defendant next reframes his arguments as a claim for extraordinary relief in the nature of mandamus. Courts in rare circumstances have granted a writ of mandamus ordering recusal of a judge in a specific case, where essentially no discretion is involved in the judge's recusal decision, as in *SCA Services, Inc.* v. *Morgan*, 557 F.2d 110 (7th Cir. 1977), where the judge's brother was a member of a firm appearing in the proceedings, a categorical violation of 28 U.S.C. § 455(b)(2). But as strong a case as defendant contends he has — an issue we do not now reach — the question of whether exposure to particular information will impair a judge's

impartiality falls within the broad rule that judges must initially decide on issues of recusal as a matter of their sound discretion. *Daitchman* v. *Daitchman*, 145 Vt. 145, 146-47, 483 A.2d 270, 271 (1984).* This Court is always available to review such initial decisions, but absent a clear exception to the final-order rule, that appeal will only come with final judgment.

*Appeal dismissed.*

---

* On August 5, 1988 the Court circulated for review and comment a proposal to add Rule 50(d) to the Vermont Rules of Criminal Procedure, under which Rule motions to disqualify would be referred to the Administrative Judge for Trial Courts to decide or refer to another judge. See Proposed Rule 50(d)(3). If

adopted, this Rule will conform practice under the Rules of Criminal Procedure to that of the Rules of Civil Procedure now in force. See V.R.C.P. 40(e). Neither V.R.C.P. 40(e) nor the proposed amendment to the Rules of Criminal Procedure affects the present case.