## STATE of Vermont v. Dennis FISHER

[555 A.2d 368]

No. 88-462

October 18, 1988. Defendant has moved for a stay pending his appeal from the trial court's denial of his request for disqualification of the Chittenden County State's Attorney's Office from prosecution of this case. We dismiss the appeal and, accordingly, the motion for the stay.

Defendant filed his notice of appeal as if from a final judgment, arguing that the judge's decision not to disqualify the prosecutor's office was a collateral order directly reviewable under the authority of *State* v. *Lafayette*, 148 Vt. 288, 532 A.2d 560 (1987). If this appeal were properly brought under the collateral order doctrine of *Lafayette*, jurisdiction would be vested exclusively in this Court, see 4 V.S.A. § 2(a), and as a result the district court would be without jurisdiction to proceed while we consider the appeal. A stay would not be necessary as the proceedings would be stayed automatically.

However, we made clear in *Lafayette* that in order to come within the narrow exception of the requirement of a final judgment under the rule set forth in *Cohen* v. *Beneficial Industrial Loan Corp.*, 337 U.S. 541, 546-47 (1949), an order " 'must conclusively determine the disputed question, resolve an im-

---

portant issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment.'" 148 Vt. at 291, 532 A.2d at 561 (quoting *Lybrand* v. *Livesay*, 437 U.S. 463, 468 (1978)), and see *Federal Civil Appellate Jurisdiction: An Interlocutory Restatement*, 47 Law & Contemp. Probs. 13 (1984). The order on appeal does not fulfill the third requirement of the *Cohen-Lafayette* test, that of nonreviewability. The decision is fully reviewable on appeal here, should one be filed after final judgment.