559 A.2d 663 (1989)
In re K.F.
No. 89-005.
Supreme Court of Vermont.
February 24, 1989.
*664 Walter M. Morris, Jr., Defender General, Henry Hinton, Appellate Defender, Montpelier, and David G. Reid, Public Defender, Brattleboro, for petitioner.
John T. Lavoie, Windham County Deputy State's Atty., Brattleboro, for respondent.
Robert B. Hemley of Gravel & Shea, Burlington, for intervenors.
Before ALLEN, C.J., and PECK, GIBSON, DOOLEY and MORSE, JJ.
GIBSON, Justice.
The guardian ad litem for K.F., a 15-year old juvenile, appeals the denial by the district court of his motion "to seal the Court records ..., exclude the general public from proceedings, and to prohibit any person from giving any publicity as to any Court proceeding ...," all in connection with a pending arraignment on manslaughter charges in the Windham District Court. In the alternative, K.F. seeks extraordinary relief in this Court to provide the same protections. The Herald Association, Inc. and the Gannett Satellite Information Network, Inc. were allowed to intervene here, though they did not participate in the proceedings in the district court. We affirm the district court order denying the motion to seal.
At the present time no arraignment has yet occurred. At the start of that process, K.F.'s guardian moved to transfer the criminal matter to juvenile court in accordance with 33 V.S.A. § 635(b). The motion to transfer was set for hearing on February 6, 1989, and the guardian, fearing publicity concerning the matter during arraignment and prior to any eventual transfer to juvenile court, moved in the trial court, and subsequently filed the petition for extraordinary relief here, in order to forestall that publicity. The trial court denied the guardian's motion but granted an interim order pending appeal here. We granted immediate review at our discretion, noting that the order of the district court was "`a final disposition of a claimed right which is not an ingredient of the cause of action and does not require consideration with it.'" State v. Lafayette, 148 Vt. 288, 290-91, 532 A.2d 560, 561 (1987) (quoting Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 546-47, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949)).[1]
The guardian argues that the very purposes and objectives of 33 V.S.A. chapter 12 will be thwarted if privacy and confidentiality attend a juvenile only after transfer to juvenile court, citing this Court's opinion in In re J.S., 140 Vt. 458, 438 A.2d 1125 (1981). If transfer to juvenile court is ultimately granted, contends the guardian, the public will have lost nothing, as the proceedings will be confidential. If transfer is denied, then all that will have been lost is a brief delay in the First Amendment right of access, a reasonable price to pay to balance the competing interests pending resolution of the transfer question.
The state's attorney and the intervenors argue that the trial court's order should be affirmed because it is correct as a matter of plain statutory construction under 33 V.S.A. § 635(b), which states:
If it appears to any court of this state in a criminal proceeding that the defendant... had attained the age of 14 but not the age of 16 at the time an offense specified in section 635a(a) of this title was alleged to have been committed, that court may forthwith transfer the proceeding to the juvenile court under the authority of this chapter, and the minor shall thereupon be considered to be subject to this chapter as a delinquent child.
(Emphasis added.)
We agree with the State and the intervenors. We begin as we did in State v. Tallman, 148 Vt. 465, 474, 537 A.2d 422, 427 (1987), with the presumption that pretrial proceedings and documents are open *665 to the public, recognizing, however, the inevitable tension between the First Amendment rights of the public and what we have called the need to "protect the delinquent from the stigma of conduct which may be outgrown and avoid[] the possibility that the adult is penalized for what he used to be, or worse yet, the possibility that the stigma becomes self-perpetuating, thereby making change and growth impossible." In re J.S., 140 Vt. at 468, 438 A.2d at 1129.
It is especially important in weighing such delicately balanced factors to follow the directive of the Legislature with precision. The statutory scheme provides for the confidentiality of juvenile proceedings only after a determination under § 635(b) and not before.[2] While some of the value of confidentiality will be lost if the arraignment proceeding is open and if documents like the affidavit of probable cause are released, the guardian has not convinced us that the basic purpose of the transfer statute is thwarted by the initial openness. Or, put more narrowly, a statutory scheme that allows access to the arraignment and documents related thereto, but bars access to juvenile proceedings themselves, does not lack rationality. Arguments that another scheme would offer a fairer or more practical allocation of rights between the juvenile accused and the public are best addressed to the General Assembly.[3]
Affirmed.
PECK, J., dissents without opinion.
NOTES
[1] The district court order meets the three requirements for review under the narrow Cohen-Lafayette criteria, since it does "`conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and [is] effectively unreviewable on appeal from a final judgment.'" Lafayette, 148 Vt. at 291, 532 A.2d at 561 (quoting Coopers & Lybrand v. Livesay, 437 U.S. 463, 468, 98 S.Ct. 2454, 2458, 57 L.Ed.2d 351 (1978)). Of these three criteria, the first and third are clearly met. As to the second criterion, neither the State nor the intervenors argue that the issue is unimportant.
[2] It should be noted that under 33 V.S.A. § 644(c) the Legislature has directed that any proceeding charging a child between the ages of 14 and 18 with having committed the crime of manslaughter "shall originate in district or superior court." It seems likely that the Legislature was aware that such district or superior court proceeding would be conducted in open court.
[3] As we are affirming the trial court's order denying the guardian's motion, we do not reach the procedural issue of whether the petition for extraordinary relief was properly brought in this Court. But we do note that such petitions should ordinarily be addressed to the superior courts in the first instance. Pfeil v. Rutland District Court, 147 Vt. 305, 308, 515 A.2d 1052, 1055 (1986). This is the preferable route for emergent matters arising in the course of, and concerning the conduct of, a trial. While we have accepted the present appeal directly from the district court under the authority of State v. Lafayette, we have done so because this particular case met the Lafayette criteria outlined in note 1 above. All appeals seeking direct review of matters arising in the course of trial under the Lafayette rationale will have to meet those criteria. In addition to being the preferable route, a superior court petition for extraordinary relief may provide a more certain forum than a direct appeal that relies on meeting the Lafayette requirements.