## State of Vermont v. Thomas D. Lafayette

[564 A.2d 1068]

No. 86-519

Present: **Allen, C.J., Peck, Dooley and Morse, JJ., and Barney, C.J. (Ret.), Specially Assigned**

Opinion Filed July 7, 1989

*Jeffrey L. Amestoy*, Attorney General, and *David Tartter* and *Susan Harritt*, Assistant Attorneys General, Montpelier, for Plaintiff-Appellee.

*Walter M. Morris, Jr.*, Defender General, and *Henry Hinton*, Appellate Defender, Montpelier, for Defendant-Appellant.

**Allen, C.J.** This is an appeal from an order of the Vermont District Court denying defendant's motion to transfer his case to juvenile court pursuant to 33 V.S.A. § 635(b). We affirm.

Defendant was charged with unlawful mischief and simple assault on a police officer when he allegedly threw a rock through the window of a police cruiser, slightly injuring an officer. Defendant was 16 years old at the time of the alleged offenses and moved to transfer the matter to juvenile court pursuant to 33 V.S.A. § 635(b). The trial court denied the motion, citing among other things, the nature of defendant's crimes and his lack of remorse, his past juvenile record, juvenile court's inability to effectively enforce a restitution order, and the unavailability of counseling through the Department of Social and Rehabilitation Services (SRS). The defendant sought an interlocutory appeal. We denied permission for interlocutory appeal, but found that for purposes of this case, the order denying transfer would be treated as a final order and the motion for permission to appeal treated as a notice of appeal. *State v. Lafayette*, 148 Vt. 288, 532 A.2d 560 (1987) (*Lafayette I*).

On appeal, defendant argues that the trial court (1) committed prejudicial error in concluding that the juvenile court could not effectively enforce a restitution order; (2) erroneously relied on its finding that defendant lacked remorse, thereby penalizing his right to remain silent in violation of the Fifth Amendment to the United States Constitution and Chapter I, Article 10 of the Vermont Constitution; and (3) improperly took notice of and relied upon the unavailability of counseling through SRS. The State, on the other hand, argues that the trial court did not err in relying on the factors challenged by defendant and that, even if it did, its decision not to transfer was adequately supported by factors not challenged; therefore, the transfer was properly denied.

█ Transfer of a criminal case to juvenile court is governed by 33 V.S.A. § 635(b), which provides that:

> If it appears to any court of this state in a criminal proceeding that the defendant was over the age of sixteen years and under the age of eighteen years at the time the offense charged was alleged to have been committed ... that court may forthwith transfer the proceeding to the juvenile court ....

There are no specific standards which the trial court must follow when determining whether to grant or deny a motion to transfer. *State v. Jacobs*, 144 Vt. 70, 74–75, 472 A.2d 1247, 1250 (1984). Rather, trial courts have the broadest possible discretion in ruling on transfer motions. *Id.* Such discretionary decisions will not be reversed if there is "a reasonable basis for the court's action." *State v. Willis*, 145 Vt. 459, 470, 494 A.2d 108, 114 (1985).

Defendant asserts that the most significant consideration upon which the trial court based its denial of transfer was the inability of the juvenile court to effectively enforce restitution. This reason was erroneous because 33 V.S.A. § 666 allows the court in juvenile cases to use contempt power to enforce or punish noncompliance with its orders[1] and both civil and

---

[1] Section 666 provides that:

Subject to the laws relating to the procedures therefor and the limitations thereon, the juvenile court has power to punish any person for

criminal contempt proceedings may result in imprisonment. Furthermore, defendant argues that a juvenile may be placed in SRS custody in the event of violation of juvenile probation and that SRS may opt to place the juvenile in the Woodside facility, which is the functional equivalent of a prison.

The trial court found that probation may provide for a quicker and more effective response than the institution of civil and criminal contempt. Moreover, criminal contempt proceedings may require a jury trial. V.R.Cr.P. 42(b).[2] There was ample reason for the court to find that adult probation could be more effectively enforced than juvenile probation.

Second, defendant argues that the trial court erred in relying on its conclusion that he lacked "empathy or sadness about doing the crimes" when denying the transfer, thereby penalizing defendant's right to remain silent under the Fifth Amendment to the United States Constitution and Chapter I, Article 10 of the Vermont Constitution.[3] The defendant urges that this Court fashion an immunity rule similar to those formulated in *State v. Begins*, 147 Vt. 295, 299, 514 A.2d 719, 722-23 (1986) (probationer's testimony and any evidence derived from such testimony at a revocation hearing conducted before trial is inadmissible against probationer in subsequent proceedings on related criminal charges) and *State v. Drake*, 150 Vt. 235, 237, 552 A.2d 780, 781 (1988) (testimony at sentencing hearing or evidence derived therefrom may be inadmissible against defendant during subsequent criminal

---

contempt of court for disobeying an order of the court or for obstructing or interfering with the proceedings of the court or the enforcement of its orders.

[2] Except where a "judge certifies that he saw or heard the conduct constituting the contempt and that it was committed in the actual presence of the court," in which case the contempt "may be punished summarily," V.R.Cr.P 42(a), "criminal contempt ... shall be prosecuted on notice." V.R.Cr.P. 42(b). "The notice shall state the time and place of hearing, allowing a reasonable time for the preparation of the defense .... The defendant is entitled to a trial by jury...." V.R.Cr.P. 42(b).

[3] The Fifth Amendment to the United States Constitution provides in pertinent part: "[N]or shall [any person] be compelled in any Criminal Case to be a witness against himself ...."

Chapter I, Article 10 of the Vermont Constitution provides "[t]hat in all prosecutions for criminal offenses, a person ... [cannot] be compelled to give evidence against himself ...."

proceedings alleging earlier criminal activity as to which the State offered evidence). Such a rule is not called for by the facts of this case.

■■ In *Begins* the defendant moved to continue the revocation hearing until the criminal charges which formed the basis of the probation violation complaints had been resolved. In *Drake* the defendant objected to the introduction of evidence by the State of offenses for which the defendant had not been convicted. Here the defendant introduced the issue of remorse thereby creating the dilemma of which he now complains. Defendant's father was called by defense counsel to testify as to whether he had "a sense or impression in talking with [defendant] about this as to how he feels about what happened." To which the witness replied, "Yeah, I think he's—contrite, but it's kind of 'Whoops, what happened? What did I get myself into,' type of thing." If a defendant wishes certain evidence to be considered and offers such evidence, he cannot then complain when the court relies on it. *State v. Trombly*, 148 Vt. 293, 305, 532 A.2d 963, 971 (1987); *State v. Bubar*, 146 Vt. 398, 404, 505 A.2d 1197, 1201 (1985). The father's testimony was sufficient to support the court's conclusion that the defendant lacked empathy and sadness. The court did not err by relying on its conclusion when denying defendant's motion to transfer.

■ Finally, defendant argues that the trial court abused its discretion in finding that SRS does not have resources to provide counseling because there was no evidence to that effect in the record. The court noted at one point, however, that "SRS was just in here and indicated they have no funds for counseling." We agree with the defendant that there is no evidence in the record regarding the ability of SRS to provide counseling and it was error for the court to find as it did. This error, however, was harmless in light of the court's additional findings in support of its decision not to grant defendant's motion to transfer. V.R.C.P. 52(a). The defendant was not prejudiced by the error. *State v. Baldwin*, 140 Vt. 501, 514, 438 A.2d 1135, 1142 (1981).

Further, the transcript indicates that the court's primary reasons for refusing to transfer the defendant were the prior juvenile record and the nature of the offenses. The court noted

that juvenile records revealed three delinquency petitions brought against defendant: (1) August 25, 1983 for petty larceny; (2) June 28, 1983 for burglary; and, (3) December 15, 1983 for retail theft.

The court also noted that defendant's crime of simple assault was a physical crime against a person, not merely against property and that the crime of unlawful mischief was allegedly committed by him alone, not as a result of peer pressure. As such, the charges before the court were more serious than his past offenses. These considerations alone are adequate to support the court's decision to refuse transfer.

*Affirmed.*