574 A.2d 160 (1990)
In re R.D.
No. 88-592.
Supreme Court of Vermont.
April 6, 1990.
Mark T. Cameron, Windsor County Deputy State's Atty., White River Junction, for plaintiff-appellee.
Martin & Paolini, Barre, for defendant-appellant.
Before ALLEN, C.J., and PECK, GIBSON, DOOLEY and MORSE, JJ.
ALLEN, Chief Justice.
Defendant appeals from the denial of a motion to transfer his case to juvenile court pursuant to 33 V.S.A. § 635(b). Defendant contends that the trial court erred in considering *161 his prior juvenile record in making its determination. We affirm.
Defendant was arrested for possession of one-half ounce or more of marijuana in violation of 18 V.S.A. § 4224(e)(1)(B). Defendant was sixteen years old at the time of the alleged offense. The state's attorney exercised the discretion provided by 33 V.S.A. § 635(c)[1] and opted to file charges in a court of criminal jurisdiction rather than juvenile court. Defendant moved pursuant to 33 V.S.A. § 635(b)[2] to transfer the proceedings to juvenile court. According to the tenor of this motion, defendant's age comprised the sole, and therefore an insufficient, basis for the State's decision to charge defendant as an adult. The State opposed the motion to transfer and set forth the factors that underlay the decision to charge defendant in criminal court. The State's memorandum in opposition delineated defendant's prior juvenile record, his noncompliance with the conditions of juvenile probation, and his failure to engage in rehabilitation efforts. Defendant asserted his right to the confidentiality of his juvenile records and objected to the State's use of these records to block transfer to juvenile court.
In an effort to insulate defendant's juvenile record from public scrutiny, the trial court struck all references to the record from the State's memorandum. The trial court judge conducted an in camera review of defendant's prior juvenile record and his history of noncompliance with juvenile probation and rehabilitation efforts. After considering these among other factors, the court denied the motion to transfer and held defendant over in district court for trial.
Defendant appealed on the authority of State v. Lafayette, 148 Vt. 288, 532 A.2d 560 (1987), and squarely presents the issue of whether a trial court may take account of a defendant's juvenile records when considering whether to transfer a case to juvenile court.
Law enforcement reports and files concerning a person subject to the jurisdiction of the juvenile court are to be kept separate from the records and files of arrests of other persons, and such records and files shall not be open to public inspection nor their contents disclosed to the public, with limited exceptions not here applicable. 33 V.S.A. § 663(a). It is apparent, however, that the Legislature did not intend that a district judge, in making a transfer decision, be included within the prohibition. Section 663(a) specifically empowers "the court" to authorize a disclosure of the protected records "in the interests of the child." In addition, § 663(b)(1) sets forth an exception to the nondisclosure rule and thereby enables the juvenile court having the child before it to inspect the juvenile's records and files. Therefore, the reference to the "court" in § 663(a) must be to the district judge in a criminal proceeding.
The juvenile justice system serves rehabilitative rather than punitive goals. In re J.S., 140 Vt. 458, 468, 438 A.2d 1125, 1129 (1981). The confidentiality of juvenile proceedings, records and files protects the delinquent from the stigma of his misconduct in order to make change and growth possible. Id. To achieve these purposes, the Legislature left the propriety of transfer to the sound discretion of the trial court for a case-by-case determination. State v. Jacobs, 144 Vt. 70, 75, 472 A.2d 1247, 1250 (1984). The trial court must, in the interest of the juvenile, have access to all the facts to make an informed assessment of whether a particular defendant will benefit from the protection afforded juveniles. When a *162 defendant with prior experience in the juvenile system comes before the court on criminal charges, it is difficult to conceive of a more relevant consideration than whether the system has worked for that person in the past.
The trial court evaluated the extent and nature of defendant's prior record of delinquency, the nature of past treatment efforts and defendant's response to them, the prospects for rehabilitation by use of procedures, services and facilities available through juvenile proceedings, and whether protection of the community would be best served by adjudication in criminal or juvenile court.[3] The trial court weighed these factors in response to defendant's implication that age alone motivated the State to file charges in criminal court. Defendant's habitual truancy, six adjudications of delinquency within two years of the most recent arrest, continual curfew violations, and his failure to attend alcohol counseling sessions led the trial court to decide against transfer to juvenile court. These factors play an important role in the calculus of whether defendant would benefit from additional juvenile treatment. "[T]rial courts have the broadest possible discretion in ruling on transfer motions." State v. Lafayette, 152 Vt. 108, 110, 564 A.2d 1068, 1069 (1989). Here, the trial court acted within its discretion by taking defendant's juvenile records into account. See id. at 112-13, 564 A.2d at 1070 (trial court's denial of transfer affirmed where defendant's prior juvenile record and the nature of the offenses formed the basis of the court's decision); Jacobs, 144 Vt. at 75-76, 472 A.2d at 1250 (defendant's juvenile record was properly before the court and clearly supported trial court's findings that transfer to juvenile court was not feasible for dealing with defendant).
Defendant maintains that if the State desires to have a juvenile record considered by the judge in order to justify treating defendant as an adult, it must initiate the proceeding in juvenile court and then request a transfer to criminal court under 33 V.S.A. § 635a(a).[4] The prior record of delinquency would then be available for consideration by the juvenile court pursuant to 33 V.S.A. § 635a(d)(2), (3). This argument ignores the fact that § 635a(a) provides for a transfer to criminal court only in the limited instance where a child who has attained the age of ten but not the age of fourteen has allegedly committed one of the violent acts set forth by § 635a(a)(1-11) (target offenses). Given defendant's age, the Legislature provided the state's attorney with the discretion to charge this offense in either criminal or juvenile court. 33 V.S.A. § 635(c). We presume the Legislature intended each statutory provision to have effect and, where possible, we will interpret a statute to achieve this result. State v. Teachout, 142 Vt. 69, 72, 451 A.2d 819, 820 (1982). If the State had initiated a delinquency proceeding in juvenile court against defendant, it would have foregone the option of ever charging defendant as an adult. The election provided by § 635(c) would be rendered useless for nontarget offenses, such as defendant's charge of possession of marijuana.
In drafting § 635(c), the Legislature intended to provide the state's attorney with an effective choice between juvenile and criminal jurisdiction. The viability of the election to charge a defendant in criminal court will often depend upon the State's ability to counter a transfer motion with portions of the juvenile record to rebut the assertion that a defendant would benefit from juvenile treatment. Otherwise, juvenile offenders could blatantly misrepresent *163 facts to the court under the cover of confidentiality.
Defendant also contends that the trial court's ruling subverts the very purposes and objectives of 33 V.S.A. chapter 12 by protecting privacy and confidentiality only after transfer to juvenile court. Defendant notes that, as part of the public court file, the State's response to the motion to transfer exposed his juvenile record to public scrutiny from the time of filing until the court denied transfer and struck all references to the juvenile's record from the State's memorandum. The trial court's ruling, defendant argues, serves to only "lock the barn door after the horse is stolen."
We begin "with the presumption that pretrial proceedings and documents are open to the public." In re K.F., 151 Vt. 211, 213, 559 A.2d 663, 664-65 (1989). Pursuant to 33 V.S.A. § 635(c), procedures against defendants over the age of sixteen and under the age of eighteen at the time of the offense may originate in district court. "The statutory scheme provides for the confidentiality of juvenile proceedings only after a determination under § 635(b) and not before."[5]Id. at 213, 559 A.2d at 665. We assume the Legislature was aware that district court proceedings would be conducted in open court. Id. at 213 n. 2, 559 A.2d at 665 n. 2. Though some loss of confidentiality may result, this initial openness does not thwart the basic purpose of chapter 12 or the transfer statute. Id. at 214, 559 A.2d at 665 (statutory scheme does not lack rationality though it allows access to arraignment and documents related thereto, but bars access to the juvenile proceedings themselves). While § 635(b) transfer proceedings are open to the public, the trial court should take care to accommodate a defendant's concern for the confidentiality of his juvenile records. Here, the trial court did so by examining defendant's juvenile records in camera and, upon denial of the transfer motion, striking any reference to the juvenile record from the State's memorandum. In sum, the trial court acted within its discretion by taking defendant's juvenile record into account, and implemented protective measures that minimized any loss of confidentiality.
Affirmed.
NOTES
[1] The state's attorney may initiate charges in a juvenile court or a court of criminal jurisdiction where the defendant was over sixteen and under eighteen at the time of the alleged commission of the offense and the offense charged is not one specified in § 635a(a). 33 V.S.A. § 635(c).
[2] 33 V.S.A. § 635(b) provides:

If it appears to any court of this state in a criminal proceeding that the defendant was over the age of sixteen years and under the age of eighteen years at the time the offense charged was alleged to have been committed,... that court may forthwith transfer the proceeding to the juvenile court under the authority of this chapter, and the minor shall thereupon be considered to be subject to this chapter as a delinquent child.
[3] While not required to do so, the trial court may refer to the standards for transfer from juvenile to criminal court set forth in 33 V.S.A. § 635a(d). See State v. Willis, 145 Vt. 459, 468-69, 494 A.2d 108, 113 (1985) (trial court may consider the criteria outlined in Kent v. United States, 383 U.S. 541, 566-67, 86 S.Ct. 1045, 1059-60, 16 L.Ed.2d 84 (1966), which include the record and previous history of the juvenile, the likelihood of reasonable rehabilitation, and the prospects for adequate protection of the public).
[4] A juvenile court may inspect the juvenile records and files of the child before it. 33 V.S.A. § 663(b)(1).
[5] "If charges ... are filed in a court of criminal jurisdiction, that court may forthwith transfer the proceeding to the juvenile court under the authority of this chapter and the person shall thereupon be considered to be subject to this chapter as a delinquent child." 33 V.S.A. § 635(c) (emphasis added).