## State of Vermont v. Jason Madison

[659 A.2d 124]

No. 95-046

Present: **Morse, J.**

Opinion Filed March 22, 1995

*Phillips B. Keller*, Washington County Deputy State's Attorney, Barre, and *Jeffrey L. Amestoy*, Attorney General, and *David Tartter*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Peter S. Sidel* and *Diana Pikulski* of *Sidel & Pikulski*, Waitsfield, for Defendant-Appellant.

**Morse, J.** Defendant Jason Madison appeals to a justice of this Court for review de novo of an order of the Washington District Court denying him bail under Chapter II, § 40 of the Vermont Constitution and 13 V.S.A. § 7553a. Defendant was charged with two counts of sexual assault and issued a citation to appear in court on January 26, 1995. Before his first appearance, however, defendant nearly ran over the alleged victim with his Jeep. Because of this incident, defendant was arrested and arraigned on both sexual assault charges. Defendant was also arraigned on contempt charges for violating conditions of release related to other crimes and on one count of obstructing justice for nearly running down the victim.

A full bail hearing commenced on January 18, 1995, and was completed the next day. The district court concluded that the evidence of defendant's guilt was great and found by clear and convincing evidence that defendant's release posed a substantial threat of physical violence to the victim and that no combination of probation conditions would reasonably prevent the violence. Accordingly, the court denied bail on January 25.

Defendant sought a hearing de novo and immediately challenged the procedure set forth in the emergency amendment to Vermont Rule of Appellate Procedure 9 (allowing review de novo), contending that defendant was entitled to no less than a second full bail hearing. The reviewing justice referred this issue to the full Court, which upheld the procedure outlined in V.R.A.P. 9(b)(1)(C). See *State v. Madison*, 163 Vt. 360, 377, 658 A.2d 536, 547 (1995) (per curiam). Defendant's motion under that rule for leave to present additional evidence because time was not sufficient to adequately prepare for the first court hearing was denied in an unpublished entry order that stated, "[i]f lack of time per se were good cause, it would be grounds to present additional evidence in every bail review. More specified reasons are necessary to establish good cause." Defendant and the State were then given the opportunity to brief and argue.

Defendant quarrels with the reviewing justice's requirement that issues be raised and briefed. In its opinion of March 1, the Court stated that "[t]he justice must review the record created in the

district court, including the transcript or videotape, and make an independent determination based on that record." *State v. Madison*, 163 Vt. at 363, 658 A.2d at 539. Defendant believes that this statement requires the reviewing justice to make a second, independent determination on every factual and legal issue implicated in the district court proceedings, whether raised on appeal or not, thereby relieving defendant of any obligation under the rules of appellate procedure. V.R.A.P. 28; see also *State v. Lynaugh*, 158 Vt. 72, 76 n.2, 604 A.2d 785, 787 n.2 (1992) (declining to reach inadequately briefed issues); *Rowe v. Brown*, 157 Vt. 373, 379, 599 A.2d 333, 336-37 (1991) (issues not raised in brief are waived). V.R.A.P. 9(b)(1)(C) provides, however, that the single justice is to review the record as "presented by the parties." Issues in this appeal have been raised haphazardly, but, given the untraditional nature of these proceedings, I address all points mentioned at any point.

In conducting a review de novo of a challenged finding or conclusion, a justice must come to an independent decision based on the record. V.R.A.P. 9(b)(1)(C); *State v. Madison*, 163 Vt. at 363, 658 A.2d at 539; see also *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985) (district court must reach independent conclusion, not simply defer to judgment of magistrate under federal bail statute). The justice need not pay any deference to decisions of the lower court when reviewing the challenged findings and conclusions. See *State v. Madison*, 163 Vt. at 363, 658 A.2d at 539; *id.* at 370-72, 658 A.2d at 543-44 (comparing different applications of de novo review). Of course, nothing prevents a reviewing court from adopting *unchallenged* findings and conclusions of the trial court, and I do.

I.

A person may not be held without bail under 13 V.S.A. § 7553a unless "the evidence of guilt is great." Defendant argues first that our interpretation of the identically-worded standard requiring that evidence of guilt be "great" to hold a person charged with an offense punishable by life imprisonment, 13 V.S.A. § 7553, should not apply to the recently enacted § 7553a.

In *State v. Blackmer*, 160 Vt. 451, 454, 631 A.2d 1134, 1136 (1993), we reaffirmed a determination that evidence is "great" if a prima facie case, the standard under V.R.Cr.P. 12(d), is proved. Defendant would have us require the addition of two standards under § 7553a, consideration of modifying evidence and credibility of witnesses.

■ It is apparent, however, that the term "evidence of guilt is great" is not an ill-defined legal term of art. Its meaning became fixed when this Court decided *State v. Duff*, 151 Vt. 433, 439-40, 563 A.2d 258, 262-63 (1989). The evidence, viewed in the light most favorable to the State and excluding the effects of modifying evidence, must "fairly and reasonably" show defendant guilty beyond a reasonable doubt. *Id.* at 439, 563 A.2d at 263. The legislature has not suggested in any manner that it intended to depart from its meaning as defined in *Duff*. Consequently, the court must apply the 12(d) standard against "*substantial, admissible* evidence." *Id.* at 440, 563 A.2d at 263 (emphasis in original).

■ Here, the standard is met based on the victim's affidavit and defendant's admissions. The fifteen-year-old victim attended a welcome home party for defendant in September 1994. She spent the night in a tent with defendant, who attempted to have sex with her. She declined, stating she was not ready and did not believe in premarital sex. Defendant tried to convince her to have sex, but she continued telling him no. The two did not have sex that night.

The next week, the victim attended a party at defendant's residence in Riverton. In defendant's presence, two other individuals teased her and encouraged her to have sex with defendant. She repeatedly declined, making it clear that she had strong feelings against premarital sex. She and the others had been drinking alcoholic beverages.

She walked away from the others to avoid further teasing. She went behind a garage and noticed defendant following her. Apparently, she blacked out, and the next thing she remembered was sitting on defendant's lap on a van seat. She was facing defendant with his penis inside her vagina. She attempted to get up, but defendant overpowered her by tightening his grip around her waist and pushing down on her shoulder. Defendant kissed her on the mouth, and she turned away. He then sucked on her neck, leaving a mark. Defendant then pushed her over to the other side of the van seat.

Defendant told a police detective that he met the victim at a party after he had been released from Woodside, and that the victim was his girlfriend for one to two weeks. He stated that, prior to the party at

his house, the victim had told him she was not ready to have sex. He admitted they had sex on the day in question, corroborating the victim's story in large part, but he stated that the victim consented.

## II.

Next, defendant challenges the use of his juvenile records to decide if he "poses a substantial threat to any person," arguing that those records are confidential. The purpose for confidentiality of juvenile records is protection of the child from the prejudice generated by public scrutiny. Confidentiality should not serve as a shield to consideration of the facts necessary to carry out the judicial function under § 7553a. In any event, the records have been kept confidential in large measure and are referred to merely in a general way. See *In re R.D.*, 154 Vt. 173, 176, 574 A.2d 160, 161-62 (1990) (juvenile records available to district court for relevant purposes).

## III.

Defendant contends that the charges of sexual assault do not have an element involving an act of violence against another person as required by 13 V.S.A. § 7553a. Defendant's contention is without merit. A broad dictionary definition of "violence" includes "abusive or unjust use of power." Even if a narrower definition of "violence" is used, that is, "physical force employed so as to violate, damage, or abuse," the conduct involved in this case—a touching and invasion of the victim's body against her will—fits within the definition. Webster's II Riverside University Dictionary 1289 (1984).

## IV.

Defendant argues that the evidence was insufficient to warrant a finding by clear and convincing evidence that his "release poses a substantial threat of physical violence to any person and that no condition or combination of conditions of release will reasonably prevent the physical violence." 13 V.S.A. § 7553a.

I conclude by clear and convincing evidence that defendant threatened the victim by driving his Jeep from Route 12 at a dangerous rate of speed into the parking lot of the Rustic Restaurant. He drove toward the victim who was standing outside the restaurant. He fishtailed to a stop at or very near where the victim had been before she escaped. Even if this behavior had been merely intended to scare her, he could well have injured her and others, or worse. Such

conduct demonstrates at the very least a callous disregard of others and a cavalier attitude about authority. The evidence contained in defendant's juvenile record corroborates my conclusion that the § 7553a standard quoted above was met in this case. Numerous, and sometimes serious, violations of juvenile probation and conditions of release convincingly demonstrate that conditions of release in this case would not prove effective to keep defendant from posing a significant threat not only to the victim but to other young women.

## V.

Finally, defendant complains that § 7553a application to him is ex post facto. Since the focus of § 7553a is protection of the public, its application does not trigger the prohibition against ex post facto laws, in light of the fact that the conduct regulated occurred after December, 13, 1994, the effective date of the law. See *United States v. Botero*, 604 F. Supp. 1028, 1031-32 (S.D. Fla. 1985) (application of change in bail statute to defendant who allegedly committed crime before its enactment not ex post facto application because purpose is to protect community, not criminalize previously innocent conduct).

*Affirmed.*