## ENTRY ORDER

### SUPREME COURT DOCKET NO. 2012-308

### SEPTEMBER TERM, 2012

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| | } | |
| v. | } | Superior Court, Franklin Unit, |
| | } | Criminal Division |
| Nebuchadnezzar Watson | } | |
| | } | DOCKET NO. 774-7-12 Frcr |
| | } | |
| | } | Trial Judge: Robert A. Mello |

In the above-entitled cause, the Clerk will enter:

The defendant is charged with violation of 13 V.S.A.§ 1043(a)(2) "used a deadly weapon on a family or household member..." and violation of 13 V.S.A. § 1044(a)(2)(B) "willfully caused a family or household member to fear imminent serious bodily injury... and has a prior conviction for domestic assault..." The defendant was held without bail pursuant to 13 V.S.A. § 7553. Defendant has appealed and a new evidentiary hearing was held before an appointed superior Judge as provided by 13 V.S.A. § 7556(d) and V.R.A.P. 9(b). The parties agreed to rely on the record of the criminal division proceedings below. No new record evidence was admitted on appeal; however, defendant submitted Exhibits 1, 2 and 3, which correspond with the record below.

A person may be held without bail under 13 V.S.A. § 7553a if charged with a felony, an element of which involves an act of violence against another person, when the evidence of guilt is great and the court finds, based upon clear and convincing evidence, that a person's release poses a substantial threat of physical violence to any person and no condition or combination of conditions will reasonably prevent the physical violence. The term "evidence of guilt is great" requires the state to establish that the evidence, viewed in the light most favorable to the state and excluding the effects of modifying evidence, fairly and reasonably shows the defendant's guilt beyond a reasonable doubt.

Viewed against this standard, the evidence establishes that on July 28, 2012 defendant's partner of 22 years informed him that she wished to end the relationship. Thereafter the defendant consumed a substantial amount of alcohol and begin swearing at and speaking in an intimidating fashion to his partner. At one point the defendant left the parties' residence and came back inside with a rifle. The defendant sat down on a couch located perpendicular to a couch occupied by the victim and placed the rifle under his chin and threatened to "shoot his brains out." He stated "I might as well just shoot my brains out rather than just go through all of this." The victim looked away and he began screaming, "F___ing look at me, I want you to F___ing look at me." The

victim initially refused to look at him, then did look and stated, "well if you're going to aim right there, you're just going to blow your nose off." He thereafter moved the rifle, the victim moved her head away and he continued screaming at her to look at him. The rifle then discharged and the bullet traveled approximately 13 inches from the defendant exiting the house through a window screen.

After the shot the defendant somewhat laughed and stated "it's like I told the boys, if you're going to shoot anyone, you might as well just shoot yourself." The defendant then got up from the couch and left the room. The victim thereafter called her daughter and left the residence. The police later located the defendant in woods near the house. He was very intoxicated and unable to walk on his own.

For the first five years of the parties' relationship the defendant was violent toward the victim. In 1991 the defendant was convicted of simple assault against the victim, the victim was pregnant at the time of the assault. In 1993 the defendant broke the victim's arm; in 1994 the defendant was convicted of domestic assault against the victim. In 1995 the defendant was convicted of violating an abuse prevention order when he again assaulted the victim. There has also been a period of time when the parties did not drink and the violence subsided. The defendant did not consume alcohol for a period of approximately 13 years. In 2009 the defendant began drinking again.

The defendant has proposed that he reside at a friend's summer cabin in Fairfield. He proposes a detailed, limited path of travel to his employment and a "check-in" at the Milton Police Department seven days a week in order to ensure his compliance with a condition that he not consume alcohol. Defendant argues that abstinence from alcohol will provide further assurance of compliance with conditions of release.

Violation of 13 V.S.A. § 1044(a)(2)(B) is a felony, which contains an act of violence as an element of the offense. The creation of fear of imminent serious bodily injury is that type of abusive or unjust use of power contemplated by the statute. *State v. Madison*, 163 Vt. 390 (1995). The evidence of guilt in this case, viewed against the applicable standard, is great. The defendant, in an angry and upset state of mind left the victim's presence and returned with a rifle. He initially threatened to shoot himself and after a further verbal exchange with the victim moved the rifle to a position where, when fired, the bullet traveled approximately 13 inches from the victim. The defendant's behavior after the discharge of the firearm supports the mental state required for this offense as opposed to criminal negligence.

The court finds that given the long history of violence by the defendant toward the victim and in light of the present circumstances there are no combination of conditions which would ensure the safety of the victim. The victim lives in an isolated area and the defendant's proposed residence, although a significant distance away, is also isolated. The victim wishes to end the parties' relationship, a dangerous time in light of the significant history of violence. Additionally, one of the assaults for which the defendant was convicted, occurred while he was subject to an abuse prevention order issued by a court. Despite the requirement of daily or twice daily alcohol monitoring, a significant period of time could elapse between a violation of the no alcohol

2

condition, attempted contact with the victim in an isolated location and discovery of such a violation.

The state's motion to hold the defendant without bail is granted.

FOR THE COURT:

_____
James R. Crucitti, Specially Assigned