*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.*

VERMONT SUPREME COURT
109 State Street
Montpelier VT 05609-0801
802-828-4774
www.vermontjudiciary.org



Case No.      24-AP-314

## ENTRY ORDER

NOVEMBER TERM,   2024

State of Vermont v. Christopher LaFountain*     }     APPEALED FROM:
                                                }
                                                }     Superior Court, Orleans Unit,
                                                }     Criminal Division
                                                }     CASE NO. 24-CR-10518
                                                      Trial Judge: Justin P. Jiron

In the above-entitled cause, the Clerk will enter:


Defendant was held without bail on October 15, 2024 pursuant to 13 V.S.A. § 7553a and appeals that decision under 13 V.S.A § 7556(d).  Thus, defendant is entitled to "review de novo by a single Justice of the Supreme Court forthwith."  Vt. Const. ch. II, § 40(2); see 13 V.S.A. § 7556(d); V.R.A.P. 9(b)(1).

It is helpful to clarify the parameters of the § 7556(d) review at the start.  "In conducting a de novo review of a challenged finding or conclusion, a justice must come to an independent decision based on the record" and "[t]he justice need not pay any deference to the decisions of the lower court when reviewing the challenged findings and conclusions."  State v. Madison, 163 Vt. 390, 393 (1995).  The reviewing court may adopt "unchallenged findings and conclusions of the trial court."  Id. (emphasis omitted).  Here, the parties have stipulated to the record evidence.[1]

Defendant is charged with two felony counts and two misdemeanors: burglary into an occupied dwelling; first-degree aggravated domestic assault with a weapon; reckless

---

[1] On appeal, defendant argues that State's Exhibit 2, a written statement of complainant, should not have been admitted at the weight-of-the-evidence hearing because it was not a sworn affidavit.  However, defense counsel stipulated to the admission of the exhibit below and has waived any argument that it is inadmissible.  State v. Loveland, 165 Vt. 418, 421 (1996) (concluding failure to object to stipulation to element of offense stated in open court results in waiver of argument on appeal).

endangerment; and criminal threatening. All of the offenses involve the same complainant, defendant's former romantic partner, and stem from conduct on October 6, 2024.

Complainant met defendant in October 2020 and has lived with him in various locations throughout Vermont. In December 2023, while complainant was in Florida, defendant called her and was ranting and screaming, threatening suicide. He told complainant that if she did not come back to her, he would go into the woods and kill himself. He eventually relented, telling complainant he was too weak to do so.

In May 2024, defendant became angry at complainant and called her several distasteful names, including "whore" and "bitch." He told her that "I will fuck you up bitch." Defendant grabbed complainant by the neck, lifting her off her feet and telling her he would kill her. This caused pain in complainant's neck and throat, and she could not swallow for several days. At the time, complainant believed defendant was going to kill her. The two separated after this incident.

Defendant continued to call and leave messages for complainant and, on October 2, 2024, he went to complainant's residence uninvited. Complainant resisted defendant's attempt to kiss her and defendant threatened to use a sledgehammer on the their jointly-owned vehicle.

The events culminated a few days later, when on October 6, complainant was watching television in her home with her new boyfriend. Defendant knocked on the door and made eye contact with complainant's boyfriend. Complainant refused to let defendant enter the house despite his request to do so. A short time after complainant's boyfriend left in the early morning, defendant called her and said, "I hope you are having fun with your 30-year-old, you whore." Defendant told complainant he was "coming up there." She told him not to.

Shortly thereafter, defendant appeared at complainant's locked door. She fled upstairs then returned downstairs to her bedroom. While sitting near her open window, defendant reached in and grabbed complainant. She ran into the bathroom and defendant entered the premises and followed. He put a gun in his mouth and complainant heard a click. Defendant then held the gun to complainant's head and she heard a second click. She asked defendant to put the gun down and leave and then ran back upstairs. Defendant eventually left.

Trooper James Gallup spoke with defendant at the State Police barracks. Defendant told him that he had only intended to kill himself and wanted complainant to watch. He told the officer that he was in too much pain and suffering and "just wanted things to end." At Trooper Gallup's request, a mental-health screener from Northeast Kingdom Human Services met with defendant and determined that, if defendant was not going to be incarcerated, an emergency evaluation order would be requested from a judge.

A defendant may be held without bail pursuant to § 7553a if: (1) the person is charged with a felony, an element of which involves an act of violence against another person; (2) the evidence of guilt is great; (3) the court finds by clear and convincing evidence that the person's release poses a substantial threat of physical violence to any person; and (4) no condition or combination of conditions of release will reasonably prevent the physical violence. The court has broad discretion under § 7553a in determining whether to release a defendant on bail or

conditions of release. It may consider the factors in § 7554 but it is not required to undertake that analysis. <u>State v. Lohr</u>, 2020 VT 41, ¶ 14, 212 Vt. 289 (holding once elements of § 7553a are satisfied there is no safe basis to release defendant and no basis to engage in § 7554 analysis). Under these circumstances, "there is a manifest need for incarceration." <u>Id</u>.

Defendant does not dispute that he is charged with a felony, an element of which involves an act of violence against another person, or that the evidence of guilt is great. He argues on appeal that he does not present a substantial threat of physical violence toward complainant if released under a condition that he be supervised at all times by several responsible adults: his former wife, his brother, and a friend.

The proposed supervisors' testimony is credible. There is no doubt that each would try their best to honor a court order requiring twenty-four-hour supervision in shifts. However, there is great concern that, even if defendant is supervised, it would not mitigate the very real risk that he would continue his obsessive and violent behavior toward complainant and the supervisors would be unable to prevent it. Defendant has been physically violent toward complainant on at least two occasions, once with a firearm. He has entered her house without permission, threatened destruction of her vehicle, repeatedly contacted her against her wishes and been verbally abusive to her.

Defendant has no criminal record. Despite this, the increasingly violent change in his behavior toward complainant is alarming. In addition, the many threats to end his own life suggest serious instability and unpredictability, and potentially, mental illness. I am not convinced that release on bail or conditions would prevent the risk of physical violence toward complainant. Afterall, defendant himself expressed his desire to "just end things." Under the circumstances presented, there is a manifest need for incarceration.

<u>Defendant shall be held without bail pursuant to § 7553a</u>.

FOR THE COURT:

_____
Karen R. Carroll, Associate Justice

3