## STATE of Vermont v. Lester PLANT

[686 A.2d 941]

No. 96-455

Present: Morse, J.

October 2, 1996. Defendant Lester Plant appeals a judgment of the district court denying his release on bail under 13 V.S.A. § 7553a. He was afforded a new evidentiary hearing under 13 V.S.A. § 7556(d) and V.R.A.P. 9(b). I conclude by clear and convincing evidence that bail was properly withheld under § 7553a, as well as under 13 V.S.A. § 7575.

The record evidence reveals that defendant engaged in a rapidly escalating campaign of harassment, intimidation and physical assault against Cynthia Hull-Plant, his estranged wife, in direct contravention of court orders. In mid-August of 1996, Ms. Hull-Plant filed a complaint against defendant for relief from abuse. 15 V.S.A. § 1103. The complaint arose from a series of incidents in which defendant accosted his wife in different locations, physically grabbed and held her as she attempted to leave, and chased her when she managed to escape. A temporary relief from abuse order prohibiting defendant from contacting his wife was issued by the family court on August 15, 1996.

Less than one week later, defendant was arrested and charged with assaulting his wife and violating the terms of the court order. Defendant was released on bail on condition that he not be charged with and have probable cause found for an offense like the one he was charged with, that he not contact or harass Ms. Hull-Plant, and that he abide by all family court orders in effect. A hearing was held on August 22, 1996 and a final relief from abuse order was issued, prohibiting defendant from the threat or use of physical force against Ms. Hull-Plant, from any contact or communication with her, and from entering anywhere within 1,000 feet of her residence or place of business.

Three weeks later, defendant was arrested again and charged with unlawful restraint, 13 V.S.A. § 2407, and first degree aggravated domestic assault, 13 V.S.A. § 1043, as well as multiple violations of the relief from abuse order. The State moved to hold defendant without bail under 13 V.S.A. § 7553a and 13 V.S.A. § 7575. Following a hearing, the district court found probable cause to support the charges and, in a written opinion, found by clear and convincing evidence that the evidence of defendant's guilt was great, that he posed a substantial threat of physical violence to Ms. Hull-Plant, and that no conditions of release would reasonably prevent the threatened violence. Accordingly, the court ordered defendant to be held without bail pursuant to 13 V.S.A. § 7553a. The court did not rule under § 7575. This appeal and new evidentiary hearing followed.

As revealed in the hearing, the events which gave rise to the underlying charges occurred as follows: On September 7, 1996, the Montpelier police responded to an early morning call that defendant was in Ms. Hull-Plant's residence on Barre Street. When the investigating officer arrived, he found that defendant was indeed in the apartment and learned from Ms. Hull-Plant the events of the prior evening. She recounted that defendant had called to inform her that their son had been in an accident and was in Central Vermont Hospital. When she arrived at the hospital, defendant met her there and said that their son had been transferred to a hospital in Burlington. She

agreed to drive to Burlington with defendant. On the drive, however, defendant revealed that their son was fine but that she was not. He then retrieved a handgun from behind the seat, told her it was loaded, and threatened to kill both her and himself. She was able eventually to grab the gun and throw it out the car window. Defendant then produced another gun from behind the seat, a .357 revolver, opened the cylinder to show her it was loaded, and threatened her with it. During the drive, defendant recorded a brief message on a cassette recorder in which he spoke of a murder/suicide and gave a farewell message to his children. Eventually Ms. Hull-Plant was able to calm defendant by promising to return home with him. They then returned to Ms. Hull-Plant's residence, where she was able to contact the police. The police later seized the cassette and the .357 revolver from defendant's car, as well as an apparent suicide note which defendant had earlier written to his children.

A person charged with a felony an element of which involves an act of violence against another may be held without bail where the evidence of guilt is great and the court finds, upon clear and convincing evidence, that the person's release poses a substantial threat of physical violence and no set of conditions will reasonably prevent the violence. 13 V.S.A. § 7553a. The hearing testimony recounted above, corroborated by the suicide note, tape, and weapon seized from defendant's truck, satisfies each of the elements of § 7553a. Indeed, the cold calculation evident in the execution of defendant's plan - from the cruel ruse designed to lure Ms. Hull-Plant to the hospital and into his car, to the earlier penned suicide note, to the two handguns hidden behind the seat (at least one of which was indisputably loaded) and the handheld cassette to dictate the murder/suicide message — demonstrates beyond any reasonable doubt that no court or-

dered condition of release would reasonably prevent defendant from engaging in similar violence. The alternative urged by defendant, release on condition that he remain with his in-laws, does not provide a reasonable deterrent.

Accordingly, I conclude that defendant was properly denied release on bail under 13 V.S.A. § 7553a.

The State also moved to hold defendant without bail under 13 V.S.A. § 7575, which provides that bail may be revoked entirely if the court finds that the accused has (1) intimidated or harassed a victim or potential witness; (2) repeatedly violated conditions of release; (3) violated conditions of release which constitute a threat to the integrity of the judicial system; (4) failed to appear at a time and place ordered by a judicial officer; or (5) in violation of a condition of release, been charged with a felony against a person for which, after hearing, probable cause is found. The evidence here amply supports a finding that defendant harassed a victim, Ms. Hull-Plant, in violation of conditions of release. Defendant assaulted his wife in mid-August in direct violation of a temporary relief from abuse order, an order which was predicated upon several earlier incidents of physical assault and harassment. Less than three weeks later, in direct contravention of specific conditions of release, defendant not only assaulted his wife but restrained her against her will and threatened her life with a loaded handgun. The district court found probable cause to support felony charges of aggravated domestic assault, 13 V.S.A. § 1043, and first degree unlawful restraint. 13 V.S.A. § 2407. These actions constitute harassment under ·13 V.S.A. § 7575(1) sufficient to justify revocation of bail. Ms. Hull-Plant's demeanor in giving her testimony amply corroborates this conclusion. Cf. *State v. Sauve*, 159 Vt. 566, 574, 621 A.2d 1296, 1301 (1993) (although § 7575(1) providing for revocation of bail if defendant intimidates

or harasses a victim is consistent with traditional constitutional protections, trial court failed to find that the complaining witness was harassed or intimidated).

*Affirmed.*