**STATE of Vermont v. James Bissell WOODCOCK**

[719 A.2d 32]

No. 98-261

Present: Skoglund, J.

------

July 6, 1998. The State appeals a district court order that ruled that an accused may not be held without bail under 13 V.S.A. § 7553a (person charged with violent felony may be held without bail under certain circumstances) unless the State shows a threat of physical violence to a specific individual. Defendant is charged with armed robbery of a gas station, and the court ordered defendant to be released upon deposit of $25,000 bail, which defendant has been unable to pay. The State appeals to a single justice pursuant to 13 V.S.A. § 7556(c), and the appeal is reviewed pursuant to V.R.A.P. 9(a). I reverse.

The controlling statute is 13 V.S.A. § 7553a, which reads:

A person charged with an offense that is a felony, an element of which involves an act of violence against another person, may be held without bail when the evidence of guilt is great and the court finds, based upon clear and convincing evidence, that *the person's release poses a substantial threat of physical violence to any person* and that no condition or combination of conditions of release will reasonably prevent the physical violence.

(Emphasis added.) The court denied the State's request to hold defendant without bail, ruling, as a matter of law, that under this provision, the State must demonstrate a threat of physical violence to a particular individual. As the court declared, "The State does not argue that Mr. Woodcock's wanton use of a gun against Mr. Parker poses an ongoing threat to Mr. Parker but rather the State argues that essentially Mr. Woodcock is a threat to society." Accordingly, the court concluded that the State had not demonstrated the required particularized threat to an individual.

Based on the statute's plain language, the legislative history and the Court's precedent, I conclude that the court incorrectly construed § 7553a. First, the plain language of the statute — "threat of

physical violence to any person" — indicates that the Legislature intended to allow denial of bail upon a showing of a general threat of danger to "any person," and did not intend to require a showing of a threat to a particularized individual. See *Russell v. Armitage*, 166 Vt. 392, 403, 697 A.2d 630, 637 (1997) (Court's goal in interpreting statutes is to give effect to legislative intent, which Court attempts to discern first from statutory language).

Second, the statutory language tracks the language of the 1994 constitutional amendment to Chapter II, § 40 of the Vermont Constitution, which indicates that the Legislature intended the statute to have the same effect as the constitutional amendment. See *State v. Madison*, 163 Vt. 360, 367, 658 A.2d 536, 541 (1995) (Legislature's decision to track precisely language of Constitution indicates it intended statute to have same effect as constitutional bail amendment); compare Vt. Const. ch. II, § 40(2) with 13 V.S.A. § 7553a. A review of the legislative history of the 1994 constitutional amendment, Proposal 7, demonstrates that the change in our Constitution, and the corresponding change in the statutory language, were intended to protect the public in general.

The original language of Proposal 7 was drafted by the Governor's Bail Amendment Task Force and presented in its report of December 12, 1990. Subsection (2) allowed denial of bail where the person accused of a felony "poses a substantial threat of physical violence to any person." Report of the Governor's Bail Amendment Task Force 4, 7 (Dec. 12, 1990). The report states: "Subsection (2), the heart of the proposed amendment, adds public safety and danger to the community as a legitimate consideration in establishing an accused's bail." *Id.* at 5.

The Task Force's language was redrafted several times by the Senate Judiciary Committee. The Committee's early drafts of Proposal 7 had two separate sections, one addressing denial of bail where there was a general danger to society and an additional subsection allowing denial of bail where there was a threat to a specific individual in domestic abuse cases. Draft No. 5 of Proposal 7, which was distributed for public comment, contained both provisions, the general-danger provision and the specific-threat provision. Beginning with Draft No. 6, the individualized-threat provision was no longer part of the proposal, which retained only the section addressing a threat "to any person" as originally proposed by the Task Force. Only the general-danger provision remained in the final draft of Proposal 7 passed by the Legislature and voted into law by the people of Vermont.

In addition to the development of Proposal 7 in the Senate Judiciary Committee, the Report of Senator Bloomer, the Chair of the Judiciary Committee, indicates that it was the intent of the Committee to allow judges to deny bail when "the person is a danger to members of society." Journal of the Senate at 401 (April 1, 1992) (remarks of Senator John Bloomer). Further, the report states, "This concept, to allow persons to be held for purposes of public safety, is a new concept for this state." *Id.* at 402 (remarks of Senator John Bloomer).

Third, Vermont precedent supports this interpretation. In *State v. Sauve*, 159 Vt. 566, 621 A.2d 1296 (1993), the Court held that the Vermont Constitution forbids preventative detention for public safety, "that is, imprisoning accused but unconvicted defendants because they may endanger the public." *Id.* at 570-71, 621 A.2d at 1299. Although the constitutional bail provision had been amended in 1982, the Court noted that the amendment had been criticized because it did nothing to allow consideration of an accused's danger to the community as a basis for pretrial detention. Noting that Proposal 7 was under consideration by

the Legislature at that time, the Court stated, "Unless this new concept is enacted, we must continue to evaluate bail statutes as mandated by chapter II, § 40, and as discussed in our prior cases." *Id.* at 573, 621 A.2d at 1300; see also *State v. Madison*, 163 Vt. 390, 396, 659 A.2d 124, 127-28 (1995) (Morse, J.) (holding State demonstrated conditions of release would not prevent "defendant from posing a significant threat not only to the victim but to other young women").

My review of the drafts of Proposal 7, the tape-recordings of the meetings of the Senate Judiciary Committee, the Report of the Chair of the Committee, and the Court's precedent lead me to conclude that the language "threat of physical violence to any person" in both the constitutional amendment and the statute were intended to allow denial of bail for a general danger, not just for a threat to a specific individual. Accordingly, in this case, the trial court erred by ruling, as a matter of law, that the State must show a threat to a particular individual. Because of its error in construing the statute, the court abused its discretion under § 7553a by failing to exercise it. Therefore, I remand the case to the trial court to reconsider the State's motion to hold defendant without bail in light of this ruling.

*Reversed and remanded.*