### STATE of Vermont v. Wayne H. STEVENS, II

[806 A.2d 1000]

No. 02-240

Present: Johnson, J.

June 7, 2002. Defendant Wayne Stevens appeals an order of the Chittenden District Court denying him release on bail pursuant to 13 V.S.A. § 7553a. Because I find that there are conditions of release that will reasonably prevent physical violence to any person, I reverse.

For the purposes of determining bail, the undisputed facts are as follows: on May 11, 2002, defendant and his girlfriend went to a bar, were drinking, and had an argument. Defendant left the bar, and his girlfriend went to her home with another man. Later that night, defendant allegedly broke into the home of his girlfriend in Milton, Vermont, and assaulted her and the other man who was in the bedroom with her. Defendant allegedly broke his girlfriend's arm and hit the other man in the head. Defendant was arrested the next morning at his mother's home in Milton. Defendant was arraigned on May 13, and charged with aggravated domestic assault, simple assault, and burglary. Bail was set at $15,000, and defendant was released with conditions. The State filed a motion to deny release on bail, and a hearing was set for May 17. Title 13 V.S.A. § 7553a provides:

> A person charged with an offense that is a felony, an element of which involves an act of violence against another person, may be held without bail when the evidence of guilt is great and the court finds, based upon clear and convincing evidence, that the person's release poses a substantial threat of physical violence to any person and that no condition or combination of conditions of release will reasonably prevent the physical violence.

After hearing testimony from the victim and the arresting officer, the court found that the evidence of guilt was great. The court further found that defendant had a history of alcohol abuse and assaultive behavior, including several prior arrests for assault and DUI. The court concluded that based on this history there were no conditions of release that could reasonably protect the public. Specifically, however, the court's decision was based on concern for the public at large. The same judge granted a relief from abuse petition in which defendant, at the victim's request, was allowed to have contact with her as long as they met in a public place, and defendant was sober. Defendant was ordered held without bail, and defendant appealed.

Title 13 V.S.A. § 7556(d) allows someone held without bail pursuant to § 7553a to "an independent, second evidentiary

hearing on the merits of the denial of bail, which shall be a hearing de novo by a single justice of the supreme court." However, "the parties may stipulate to the admission of portions of the trial court record." *Id.* On appeal, defendant is not contesting the trial court's finding that the evidence of guilt is great. Therefore, both defendant and the State have stipulated to the entire record, and this appeal was a de novo review of the denial of bail based on the evidence presented below. Further, both parties stipulated that the only issue on appeal was whether there are any conditions that could reasonably prevent violence to any person.

On review of the record before the Court, I find that there are conditions of release that could reasonably prevent violence. This decision is based on the fact that the victim does not appear to be in danger, as she has requested contact with defendant and the relief from abuse order permits it. Any danger defendant may pose to the public at large is related to his problems with alcohol abuse, although it has been four years since defendant has been charged with a crime of violence. Upon representation by defense counsel, defendant has been admitted, pending release, to an in-patient alcohol treatment facility, Maple Leaf Farm in Underhill, Vermont. Therefore, based on the record before me, I cannot find clear and convincing evidence that defendant's release poses a threat of violence that cannot be prevented with conditions of release.

Accordingly, I remand this case to the trial court for a determination of appropriate conditions of release. Those conditions shall include: defendant is to be released to the in-patient treatment program at Maple Leaf Farm; defendant must successfully complete the residential program there; and defendant must engage in any after-care program deemed necessary by Maple Leaf Farm.

Other conditions of release may be imposed according to the discretion of the trial court.

*Reversed and remanded.*