2007 VT 141

**STATE of Vermont v. Jonathan HOFFMAN**

[944 A.2d 912]

No. 07-455

*Hayes*, J.

¶ 1. December 20, 2007. In this bail appeal, the State challenges the trial court's decision to release defendant on $50,000 bail and conditions of release. See 13 V.S.A. § 7556(c). We reverse and remand for further proceedings.

¶ 2. Defendant is charged with aggravated domestic assault. The State requested that he be held without bail. See 13 V.S.A. § 7553a. Under § 7553a, the court may hold a defendant charged with a violent felony without bail if the evidence of guilt is great and it finds, by clear and convincing evidence, that: (1) the defendant's release poses a substantial risk of physical violence to any person, and (2) there are no conditions of release that will reasonably prevent such violence. Pursuant to the State's request, the trial court held a weight-of-the-evidence hearing over the course of four days. Both the State and defendant called witnesses to testify regarding the circumstances of the incident at issue and the danger, if any, that defendant might pose to his victim or others if he were released pending trial.

¶ 3. Based on the evidence adduced at hearing, the court found that the State has substantial admissible evidence of defendant's guilt to trigger an analysis under § 7553a. Furthermore, the court found that under the first prong of the statute, defendant poses a substantial risk of violence to both the victim and his ex-wife. Nonetheless, the court concluded, under the second prong of the analysis, that there were conditions of release the court could impose to reason-ably protect the women's safety. As such, the court imposed $50,000 bail, which defendant posted, and imposed conditions of release prohibiting defendant from: (1) leaving the county, (2) buying, possessing, or using firearms, or being present in any home or car in which there are firearms, and (3) having contact with, abusing, harassing or coming within 500 feet of the victim or defendant's ex-wife.

¶ 4. The State appeals, claiming that the court erred in releasing defendant and abused its discretion in imposing $50,000 bail, which it contends is an insufficient amount given the circumstances of the case. Specifically, the State argues that the court used the wrong legal standard in determining that defendant had to be released because he did not engage in repeated violations of law, did not have a significant criminal history and did not otherwise exhibit a pattern of repeated conduct showing an unwillingness or inability to comply with court orders.

¶ 5. Under 13 V.S.A. § 7556(c), we review orders imposing bail and conditions of release only for abuse of discretion. If the record shows that the order "is supported by the proceedings below," we must affirm. *Id.*; *State v. Pardo*, 142 Vt. 261, 262, 455 A.2d 323, 324 (1982).

¶ 6. We first consider the State's argument with respect to the legal standard used by the trial court to determine that defendant could be released with proper conditions. The State attempts to turn an act of discretion with respect to defendant's ability to comply with court orders into an issue of the State's burden of proof in every case under § 7553a. In essence, the State argues that the court felt compelled by law to release defendant on bail unless he had a significant criminal history. The State, however, misconstrues the court's actions. The court here looked to the few cases that we have decided under § 7553a for guidance as to how to exercise its discretion, and noted that, in each, the defendant held without

bail had repeatedly violated the law, had a significant criminal background, or otherwise displayed a pattern of behavior inconsistent with the ability to comply with court orders. See *State v. Plant*, 165 Vt. 617, 617, 686 A.2d 941, 941-42 (1996) (mem.); *State v. Madison*, 163 Vt. 390, 392, 659 A.2d 124, 125 (1995). Exercising its discretion, the court determined that in this case the fact that defendant did not have a significant criminal record and had "no history of failures to appear, violations of conditions of release, or other violations of court order[s]" contributed to the likelihood that he would abide by conditions of release. It did not, as the State contends, elevate criminal history into a legal requirement under § 7553a. Thus, the court did not abuse its discretion by crediting defendant's lack of criminal record as a factor weighing in favor of releasing him on bail with conditions of release.

¶ 7. Nevertheless, we find the record incomplete with regard to the court's determination under § 7553a that the conditions imposed will reasonably protect the victim and defendant's ex-wife. In its order, the court concluded that the potential threat that defendant poses to the women can be addressed by "very restrictive" conditions, but failed to make findings with respect to how the conditions imposed satisfy the statute and the court's stated concerns.* The court's findings indicate that conditions such as a reporting requirement, for example, might be necessary to protect the women, but no such condition was imposed. Without knowing how the court exercised its discretion, we cannot determine whether

it exercised its discretion appropriately in determining that the conditions imposed will likely prevent the threat of violence. See *id.* § 7556(c) (court's order will be upheld if supported by the record). Thus, we reverse and remand for findings supporting the court's conclusion that the conditions imposed will reasonably protect the victim and defendant's ex-wife.

¶ 8. As a final matter, the State's challenge to the bail amount fails. The State argues that $50,000 was insufficient to ensure defendant's appearance because he was able to post the imposed amount. The court exercised its discretion appropriately in setting the amount of bail, given the evidence regarding defendant's flight risk. Defendant's ability to post the amount required for release is an improper basis on which to overturn the court's decision. See *State v. Roessell*, 132 Vt. 634, 636, 328 A.2d 118, 119 (1974) (one purpose of bail statute is to avoid deliberate use of unattainable bail amount to keep defendant incarcerated).

*Reversed and remanded for further proceedings consistent with the views expressed herein.*

¶ 9. **Skoglund, J.,** dissenting. I would affirm. I agree with the majority's analysis that the trial court's consideration of the defendant's lack of any criminal history was proper in assessing his ability and/or willingness to abide by court orders, but disagree that more need be said concerning the court's determination that the conditions of release imposed provide protection for the women identified. Prohibiting the defendant from harassing or having any contact whatsoever with L.C., N.C. and C.H. would typically be considered a reasonable restriction designed to protect alleged victims. Further, the court has prohibited defendant from coming within 500 feet of the women, their residences, their motor vehicles and their places of employment. I need no further explanation.

---

* We are mindful, as counsel informed us at oral argument, that the pending relief-from-abuse petitions filed by the victim and defendant's ex-wife have been settled by stipulation, and that there may be additional restrictive conditions on defendant that are not a part of this case.

¶ 10. I am authorized to state that Justice Burgess joins this dissent.