2015 VT 44

**STATE of Vermont v. Eric WEAVER**

[117 A.3d 429]

No. 15-068

¶ 1. March 6, 2015. Defendant has been charged with first degree aggravated domestic assault in violation of 13 V.S.A. § 1043(a)(2) and second degree unlawful restraint in violation of 13 V.S.A. § 2406(a)(3). Section 1043 expressly provides, "Conduct constituting the offense . . . under this section shall be considered a violent act for the purpose of determining bail." 13 V.S.A. § 1043(c). Defendant is being held under 13 V.S.A. § 7553a, which provides:

A person charged with an offense that is a felony, an element of which involves an act of violence against another person, may be held without bail when the evidence of guilt is great and the court finds, based upon clear and convincing evidence, that the person's release poses a substantial threat of physical violence to any person and that no condition or combination of conditions of release will reasonably prevent the physical violence.

¶ 2. Following a bail hearing on December 12, 2014, the trial court judge ordered defendant to be held without bail on December 24, 2014. A defendant held under § 7553a is entitled to a "second evidentiary hearing on the merits of the denial of bail, which shall be a hearing de novo." 13 V.S.A. § 7556(d); see also V.R.A.P. 9(b)(1). Defendant appealed the December order, and a superior court judge sitting by special assignment conducted a § 7556(d) de novo hearing on January 21, 2015. In addition to the record established in the December hearing, the judge considered additional testimony from a defense witness whom the defense offered as a "responsible adult" that defendant could live with if he is released on bail. The specially assigned judge issued an entry order on January 23 that affirmed defendant's detention without bail. *State v. Weaver*, 2015 VT 35, ¶ 33, 198 Vt. 635, 114 A.3d 1151 (mem.). "A person held without bail prior to trial shall be entitled to review of that determination by a panel of three supreme court justices . . . ." 13 V.S.A. § 7556(e); see also V.R.A.P. 9(b)(2). Defendant appeals the de novo determination.

¶ 3. Defendant has not challenged the factual findings made by the specially assigned judge, which are recited in 2015 VT 35, ¶¶ 4-18, nor has defendant argued that the evidence of his guilt is not great. The issues are whether there is clear and convincing evidence of a substantial threat of physical violence, and whether no condition or combination of conditions will reasonably prevent it.

¶ 4. Concluding that defendant poses a substantial threat of physical violence, the specially assigned judge considered five aspects of the record to be particularly significant. First, complainant testified in the December 2014 hearing that defendant told her on multiple occasions that if he ever found her with another man he would hurt her and the man, and that there are "repercussions" for people who cheat, steal, or lie to defendant. *Id.* ¶ 23.

¶ 5. Second, the specially assigned judge considered defendant's previous convictions as a juvenile for "serious felony offenses." *Id.* ¶ 24. The judge acknowledged our view that "adolescents 'lack the experience, perspective, and

judgment' of adults." *Id.* (quoting *In re E.W.*, 2015 VT 7, ¶ 18, 198 Vt. 311, 114 A.3d 112). The judge also observed that in the time that passed since the crime defendant committed as a juvenile — over sixteen years — defendant had not demonstrated a "pattern of repeated violations of the law or 'displayed a pattern of behavior inconsistent with the ability to comply with court orders.'" *Id.* (quoting *State v. Hoffman*, 2007 VT 141, ¶ 6, 183 Vt. 547, 944 A.2d 912 (mem.)). Nevertheless, based on complainant's testimony that defendant "repeatedly bragged" to her about his juvenile criminal conduct, and cited it as an example of what happens to those who cross him, the judge found that "at age thirty-three, defendant is still using this incident as a means of intimidation." *Id.* ¶ 25.

¶ 6. Third, the specially assigned judge found that complainant's testimony regarding defendant's conduct on the night of the incident — losing control over a stray phone call, brandishing a knife against complainant, and threating to scar her with hot baby oil — "depict[ed] a volatile and dangerous individual who is determined to bend the complainant to his will through intimidation and violence." *Id.* ¶ 26.

¶ 7. Fourth, the specially assigned judge considered possible reasons for complainant's delay in contacting the police after the alleged assault and the fact that defendant did not threaten complainant in the period between the incident and his arrest. *Id.* ¶ 27.

¶ 8. Finally, the specially assigned judge considered the fact that defendant is now aware that complainant has testified against him. *Id.* ¶ 28. The specially assigned judge concluded that these aspects of the record support a conclusion that there is "clear and convincing evidence that defendant's release would pose a substantial threat of violence to complainant." *Id.* ¶ 29. See 13 V.S.A. § 7553a.

¶ 9. The specially assigned judge also made findings as to whether there is clear and convincing evidence that no condition or combination of conditions of release would reasonably prevent violence. *Weaver*, 2015 VT 35, ¶¶ 30-33. Defendant proposed that he be released into the custody of his fiancée pursuant to 13 V.S.A. § 7554(a)(1)(A), and that his fiancée supervise him under a twenty-four-hour curfew. At the de novo hearing, defendant's fiancée testified that she believed she would be able to receive twelve weeks of family medical leave to attend to a "family emergency," and that her request for leave would be granted because of her thirteen-year-long tenure at her job. On cross-examination, defendant's fiancée conceded that she had not yet officially requested the leave from her employer's human resources office or spoken with the office about her intention to do so.

¶ 10. The specially assigned judge was not convinced that defendant's fiancée would actually qualify for the leave and be available to closely supervise defendant twenty-four hours a day. *Weaver*, 2015 VT 35, ¶ 31; see also 29 U.S.C.A. § 2612(a)(1) (listing reasons for which eligible employees are entitled to leave under federal Family and Medical Leave Act), *invalidated in part by Coleman v. Court of Appeals of Maryland*, ___ U.S. ___, 132 S. Ct. 1327 (2012); 21 V.S.A. §§ 471(3), 472(a) (defining "family leave" and listing reasons for which employee is entitled to take family leave under Vermont law). The judge also referred to defendant's conduct as another basis for concluding that no set of conditions would reasonably prevent violence against complainant.

¶ 11. We must affirm the specially assigned judge's order "if it is supported by the proceedings below." 13 V.S.A. § 7556(b); see also *State v. Blackmer*, 160 Vt. 451, 458, 631 A.2d 1134, 1139 (1993) (holding that trial court's discretion is "extremely broad" where constitutional right to bail does not apply and defendant has had opportunity to be heard).

¶ 12. Relying on *State v. Whiteway*, defendant has argued that the specially

assigned judge impermissibly "triple-counted" the two offenses for which the defendant has been charged. 2014 VT 34, 196 Vt. 629, 95 A.3d 1004 (mem.). The argument fails in this case because the analysis in *Whiteway* is inapposite to whether a defendant may be held without bail under § 7553a. In *Whiteway*, the defendant "[did] not seek to have bail imposed; she [sought] to be detained in a home instead of in a county facility." *Id.* ¶ 20. We held that the court abused its discretion because it "did not properly consider the factors it was bound to consider under § 7554b(b)," the Home Detention statute. *Id.* ¶ 21. Specifically,

> the court improperly considered the nature of the offense multiple times against defendant *and did not articulate any factors specific to defendant herself that weighed against her in the court's reasoning*. The court did not give any weight to the factors contained in § 7554b(b)(2), which in this case tended to support use of home detention.

*Id.* (emphasis added)). The determination to be made under § 7554b(b) is different from the determination that the specially assigned judge conducting the de novo hearing and review was required to make under § 7553a.

¶ 13. Moreover, the specially assigned judge's findings were not based on the general nature of the charge against defendant but, rather, were based on individualized factors specific to him. The specially assigned judge did not abuse his discretion in determining that defendant should continue to be held without bail. He made thorough and specific findings that are supported by uncontroverted evidence. The judge also explained his rationale as to why those findings support the conclusions that there is clear and convincing evidence that defendant's release would pose a serious threat of violence to complainant, and that no set of conditions would reasonably prevent that violence.

¶ 14. The judge did not determine that defendant's release poses a threat of violence simply because he was charged with first degree aggravated domestic assault. Rather, the reviewing judge cited defendant's acts on the night of the incident as well as evidence that defendant had a history of threatening statements to complainant. The judge discussed the nature of the threats defendant made, including defendant's statements regarding the conduct for which he was convicted as a juvenile and sentenced to a lengthy prison term. The judge acknowledged defendant's juvenile status at the time of his conviction as well as the sixteen years that had elapsed. The judge also indicated, however, that any favorable inferences that might be drawn from these facts are outweighed by defendant's willingness to mention the criminal conduct as a way to intimidate complainant. Taken with the judge's other findings, these findings reasonably support the conclusion that defendant's release would pose a substantial threat of physical violence to complainant.

¶ 15. It was also within the specially assigned judge's discretion to conclude that the State had proved by clear and convincing evidence that no condition or combination of conditions of release will reasonably prevent physical violence. It is uncertain that the only condition proposed by defendant could even be implemented, because it is not clear that defendant's fiancée is entitled to take leave in order to supervise him. Along with the judge's finding that defendant is a "volatile and dangerous person," these findings support the trial judge's conclusion that there is clear and convincing evidence that no condition or combination of conditions will reasonably prevent him from committing further violence against complainant.

*Affirmed.*