# ENTRY ORDER

SUPREME COURT DOCKET NO. 2016-313

SEPTEMBER TERM, 2016

| | | |
|---|---|---|
| State of Vermont | } | APPEALED FROM: |
| | } | |
| | } | |
| v. | } | Superior Court, Washington Unit, |
| | } | Criminal Division |
| Matthew Pape | } | |
| | } | DOCKET NO. 731-6-16 Wncr |
| | } | |
| | } | Trial Judge: Kristin K. Schoonover |

In the above-entitled cause, the Clerk will enter:

The State of Vermont appeals a superior court order modifying defendant's bail and conditions of release. The court reduced the amount of bail from $10,000 to $5,000 and released defendant to the custody of defendant's mother. We affirm.

Defendant is charged with two counts of first degree domestic assault with a weapon, one count of second degree domestic assault, one count of unlawful mischief less than $250, and one count of disturbing the peace by phone. On June 27, 2016 the superior court imposed a $10,000 bail order on defendant. Defendant was taken into custody on that day for failure to post bail.

On August 4, 2016, defendant moved to modify bail pursuant to 13 V.S.A. § 7554(d), and the court held a hearing. Defendant's mother testified that defendant lives in a camper on her property, that she was willing to allow defendant to continue living in the camper when he was released, and that she would take on the responsibility of supervising him, including taking him to a methadone clinic. She also testified about her observations on the night of the events that gave rise to the underlying charges. The State emphasized that defendant has a history of not complying with court orders.

In light of defendant's past history of non-compliance with court orders, the court declined his request to altogether eliminate the requirement of bail. However, the court found that defendant's mother appeared to be a responsible person and that a reduced bail of $5,000 would be sufficient to secure his appearance. The court modified the bail amount and conditions of release by reducing the amount to $5,000 and releasing defendant into the custody of his mother, who would provide twenty-four hour supervision.

This Court reviews trial court orders imposing bail and conditions of release for abuse of discretion. State v. Hoffman, 2007 VT 141, ¶ 5, 183 Vt. 547. When the State appeals the trial court's bail order, this Court affirms the order unless it is not supported by the proceedings below. 13 V.S.A. § 7556(c).

The State argues that the superior court abused its discretion by: 1) reducing the amount of bail because there was no change of circumstances that justified the modification, and 2) releasing defendant to the supervision of his mother because she is not a responsible person for the purposes of supervising defendant under 13 V.S.A. § 7554(a)(1)(A). We address these arguments in turn.

First, we reject the State's argument that the superior court abused its discretion by modifying the bail amount in the absence of changed circumstances. Under 13 V.S.A. § 7554(d)(1), a defendant who is detained because of an inability to meet the conditions of release is entitled to a review of those conditions. We conclude that, by the plain language of 13 V.S.A. § 7554(d)(1), the court need not find a change of circumstances to change the bail order. Furthermore, the trial court provided a reasoned analysis for reducing the bail amount from $10,000. It considered the ability of defendant's mother to supervise him and his need to receive treatment at a methadone clinic. It cited defendant's history and the concern for securing his appearance as a reason not to reduce bail under $5,000. For these reasons, the court did not abuse its discretion in reducing the bail amount to $5,000.

Second, we conclude that the trial court did not abuse its discretion in releasing defendant to his mother's supervision. The State argues that based on her testimony at the bail review hearing regarding the events that gave rise to the charges, defendant's mother was not credible and therefore could not be relied upon to responsibly supervise him. The State also argues that mother acknowledged that she had in the past served as a person responsible for supervising defendant, and that she also acknowledged that he had some history of non-compliance with court orders. The State asks this Court to infer that the acknowledged violations of court orders happened "on mother's watch," reinforcing her unsuitability as a responsible person.

Under 13 V.S.A. § 7554(a)(1)(A) and (a)(2)(A), the court may place a defendant in the custody of a designated person who agrees to supervise the defendant. The trial court expressly found mother to be credible, and this Court defers to the trial court on issues of credibility. State of Vermont v. Bray, No. 09-049, 2009 WL 2427865, at *2 (Vt. March 10, 2009) (unpub. mem), https://www.vermontjudiciary.org/UPEO2006-2010/eo09-049.pdf. See also State v. Arrington, 2010 VT 87, ¶ 9, 188 Vt. 460 ("Determining the credibility of witnesses falls within the "exclusive province" of the trial court, and we defer to the trier of fact's decision to credit a particular witness or piece of evidence."). In addition, the inference the State asks us to draw—that defendant has previously violated court orders while under his mother's supervision—is not for this Court to draw in the first instance, and is not in any event supported by the testimony in this case. We conclude that the court did not abuse its discretion in placing defendant in her custody.

Affirmed.

FOR THE COURT:

_____

Beth Robinson, Associate Justice