*Note: In the case title, an asterisk (\*) indicates an appellant and a double asterisk (\*\*) indicates a cross-appellant.*

VERMONT SUPREME COURT  
109 State Street  
Montpelier VT 05609-0801  
802-828-4774  
www.vermontjudiciary.org



Case No.      24-AP-181

### ENTRY ORDER

AUGUST TERM,   2024

State of Vermont v. Jasper Steckler\*

}   APPEALED FROM:  
}   Superior Court, Rutland Unit,  
}   Criminal Division  
}   CASE NO. 24-CR-04690  
    Trial Judge: John W. Valente

In the above-entitled cause, the Clerk will enter:

In this appeal defendant Jasper Steckler seeks de novo review pursuant to 13 V.S.A. § 7556(d) and Vermont Rule of Appellate Procedure 9(b) of the Rutland Criminal Division's order continuing to hold him without bail. Because defendant is not seeking de novo review of the merits of a bail decision, this Court lacks jurisdiction under § 7556(d) and the appeal must be dismissed.

## I.  Procedural History

Defendant is charged with four offenses—two felonies and two misdemeanors. The felony offenses are First Degree Aggravated Domestic Assault in violation of 13 V.S.A. § 1043(a)(1) and Aggravated Assault in violation of 13 V.S.A. § 1024(a)(4). These are felony offenses an element of which includes an act of violence against another person. Defendant was arraigned on May 8, 2024, and held without bail pending a weight-of-the-evidence hearing. That hearing was held on May 22, 2024, and the trial court found that:

> the weight of the evidence is great . . . , including that the defendant strangled [the complainant] to the point where she couldn't breathe. And that occurred on May 8th, 2024. And when law enforcement were called to assist [the complainant], [defendant] violently fought against law enforcement, including elbowing one of them in the head and also biting a law enforcement officer as well.

The trial court further found that by clear and convincing evidence defendant's release posed a substantial threat of physical violence to any person, and that no condition or combination of conditions of release would reasonably prevent the physical violence. See 13

V.S.A. § 7553a(a). Defendant did not request that the trial court exercise its discretion to release defendant notwithstanding this finding.

On May 22, 2024, the matter was set for a pre-trial conference on June 5, 2024, and for jury draw on June 19, 2024, so that trial could commence within 60 days of the court's order holding defendant without bail. On May 23, 2024, the court ordered an evaluation of defendant's competency to stand trial. At the pretrial conference on June 5, 2024, the parties agreed to a trial date of June 28, 2024.

On June 10, 2024, a report of an evaluation of defendant's competency to stand trial was provided to the parties and filed with the court. The report has not been admitted as an exhibit at any competency hearing, but the court-appointed neutral psychiatrist concluded that defendant was presently competent to stand trial.[1]

At the jury draw defendant indicated that competency was contested, and the matter could not proceed to jury selection and trial. Because trial could not commence within sixty days, defendant requested that a bail-review hearing be held before July 8, 2024. That hearing was scheduled for and held on June 27, 2024. On July 1, 2024, the trial court issued an order finding that the delay beyond sixty days was attributable to defendant.[2] 13 V.S.A. § 7553b(b). The court, therefore, concluded that defendant was not entitled to release and defendant remained held without bail. Subsequently, on July 5, 2024, defendant filed a notice of appeal citing 13 V.S.A. § 7556(d) and Appellate Rule 9(b).

On July 10, 2024, this Court was assigned "to conduct a de novo hearing as a Supreme Court Justice, pursuant to 13 V.S.A. § 7556(d)" of this matter. On July 23, 2024, this Court issued an order noting that the parties had stipulated to the admission of the full trial court record as well as to the admission of two additional exhibits.[3] The order set this matter for hearing on August 2, 2024, and set deadlines for the filing of memoranda noting "[c]ounsel are strongly encouraged to submit memoranda detailing their arguments, including whether 13 V.S.A. § 7556(d) applies to these proceedings." Defendant and the State submitted memoranda.[4]

Defendant's argument on appeal is threefold. First, he argues that "the trial court violated [his] constitutional and statutory right to release on conditions and/or bail by extending the 7553a order beyond sixty days." Second, that "the trial court violated [his] constitutional right to due

---

[1] On July 1, 2024, a competency hearing was scheduled for August 20, 2024. Notwithstanding the statutory presumption of competency, 13 V.S.A. § 4817(a), the existence of a report finding defendant competent, and detention pursuant to 13 V.S.A. §§ 7553a and 7553b, defendant has not requested an expedited competency hearing.

[2] The trial court also considered whether to release defendant pursuant to 13 V.S.A. § 7554.

[3] The additional exhibits were a competency evaluation of defendant dated January 13, 2022, and a May 9, 2023, stipulation and order of commitment pursuant to 13 V.S.A. §§ 4820 and 4823 in the matter of State v. Steckler, No. 22-CR-02070.

[4] Neither filing analyzed whether § 7556(d) applied to these proceedings.

2

process by extending the 7553a order beyond sixty days." Lastly, that "the trial court violated [his] rights under the Equal Protection Clause by extending the 7553a order beyond sixty days."

Defendant does not seek review of or challenge the merits of the May 22, 2024, on-the-record decision of the trial court holding him without bail pursuant to 13 V.S.A. § 7553a. Instead, defendant seeks review, pursuant to 13 V.S.A. § 7556(d), of the trial court's July 1, 2024, decision made pursuant to 13 V.S.A. § 7553b on the above-noted statutory and constitutional grounds.

## II. Section 7553a Standard

"A defendant charged with a criminal offense is entitled to release on conditions pursuant to 13 V.S.A. § 7554, unless an exception applies under § 7553 or § 7553a." State v. Labor, No. 23-AP-288, 2023 WL 6290640, at *2 (Vt. Sept. 26, 2023) (unpub. mem.) [https://perma.cc/2YKD-UJ74].

> To hold a defendant without bail prior to trial under 13 V.S.A. § 7553a, a court must find that (1) defendant is charged with a felony; (2) an element of that felony involves an act of violence against another; (3) the evidence of defendant's guilt is great; and—by a standard of clear and convincing evidence—that (4) defendant's release would pose a substantial threat of physical violence to any person; and (5) no condition or combination of conditions of release will reasonably prevent such violence.

State v. Sanborn, No. 2020-316, 2021 WL 75228, at *3 (Vt. Jan. 4, 2021) (unpub. mem.) [https://perma.cc/4H5L-ZR38]; see also, State v. Combs, No. 23-AP-185, 2023 WL 4348874, at *3 (Vt. July 3, 2023) (unpub. mem.) [https://perma.cc/G883-Q3GV]; State v. Bessette, No. 23-AP-023, 2023 WL 353907, at *3 (Vt. Jan. 20, 2023) (unpub. mem.) [https://perma.cc/348B-5ZSN]. "If the trial is not commenced within 60 days and the delay is not attributable to the defense, the court shall immediately schedule a bail hearing and shall set bail for the person." 13 V.S.A. § 7553b(b) (emphasis added); see also State v. Lohr, 2020 VT 41, ¶ 16, 212 Vt. 289 ("If the requirements of § 7553b are satisfied, the court must hold a hearing and engage in an analysis under 13 V.S.A. § 7554"); State v. Perron, No. 24-AP-163, 2024 WL 3416096, at *1 n. 1 (Vt. July 12, 2024) (unpub. mem.) [https://perma.cc/REL7-M724] ("Chapter II, § 40 of the Vermont Constitution and 13 V.S.A. § 7553b [] require that a defendant's case proceed to trial within sixty days, absent agreement to a greater period of time or other delay attributable to the defendant").

## III. The Court's Jurisdiction to Hear This Appeal

Defendant seeks review of the trial court's July 1, 2024, decision denying his motion for bail review. He cites § 7556(d) and Appellate Rule 9(b) as authority for this appeal. Pursuant to § 7556(d),

> [a] person held without bail under section 7553a of this title prior to trial shall be entitled to an independent, second evidentiary hearing on the merits of the denial of bail, which shall be a hearing

3

de novo by a single Justice of the Supreme Court forthwith. Pursuant to 4 V.S.A. § 22 the Chief Justice may appoint and assign a retired justice or judge with his or her consent or a Superior judge or District judge to a special assignment on the Supreme Court to conduct that de novo hearing. Such hearing de novo shall be an entirely new evidentiary hearing without regard to the record compiled before the trial court; except, the parties may stipulate to the admission of portions of the trial court record.

Id.; see also State v. White, 2020 VT 62, ¶ 7, 212 Vt. 658 (mem.) ("Generally, a decision to hold a defendant without bail under § 7553a is first appealed to an independent, second evidentiary hearing on the merits of the denial of bail, which shall be a hearing de novo by a single Justice of the Supreme Court." (quotation omitted)); Vt. Const. ch. II, § 40(2) ("A person held without bail prior to trial under this paragraph shall be entitled to review de novo by a single justice of the Supreme Court forthwith."); V.R.A.P. 9(b).

Section 7556(d) of Title 13 was enacted in 1994 as part of 1993, No. 143 (Adj. Sess.), effectuating the constitutional amendment adopted as Vt. Const. ch. II, § 40(2). The subsection originally provided that "[a] person held without bail under section 7553a of this title prior to trial shall be entitled to a review de novo by a single justice of the supreme court forthwith." 1993, No. 143, (Adj. Sess.), § 5. Thus, prior to 1996, section 7556(d) did not expressly specify the type of order or decision a reviewing court may review on appeal. In response to this Court's ruling in State v. Madison, 163 Vt. 360 (1995), the Legislature amended subsection (d) to specify that an appeal pursuant to this subsection was of "the merits of the denial of bail." 1995, No. 170 (Adj. Sess.), § 24b. The Legislature stated that it was its "clear and unequivocal intent . . . that a person who is denied bail and is incarcerated prior to trial under the authority of section 40(2) of Chapter II [of the Vermont Constitution] be entitled to a second full evidentiary hearing by a single Justice." 13 V.S.A. § 7555a(8). The Legislature implemented its intent by amending subsection 7556(d) to make it clear that "a person who is denied bail under the authority of section 40(2) of Chapter II is entitled to a second full evidentiary hearing by a single Justice." Id. § 7555a(9). As this Court has observed,

the statutory language [of 13 V.S.A. § 7553a] tracks the language of the 1994 constitutional amendment to Chapter II, § 40 of the Vermont Constitution, which indicates that the Legislature intended the statute to have the same effect as the constitutional amendment. See State v. Madison, 163 Vt. 360, 367 (1995) (Legislature's decision to track precisely language of Constitution indicates it intended statute to have same effect as constitutional bail amendment); compare Vt. Const. ch. II, § 40(2) with 13 V.S.A. § 7553a.

State v. Woodcock, 168 Vt. 588, 589 (1998) (mem.).

Since the Legislature found that "a person who is denied bail under the authority of section 40(2) of Chapter II is entitled [pursuant to § 7556(d)] to a second full evidentiary hearing by a single Justice[,]" 13 V.S.A. § 7555a(9), and since 13 V.S.A. § 7553a "tracks the language of the 1994 constitutional amendment to Chapter II, § 40 of the Vermont Constitution[,]" Woodcock, 168 Vt. at 589, it is clear that the reference in 7556(d) to a "hearing on the merits of

4

the denial of bail," is a review of the merits of the initial hold-without-bail decision made under the authority of § 40(2) of Chapter II of the Vermont Constitution and 13 V.S.A. § 7553a; not the denial of a motion for bail review made pursuant to § 7553b. Moreover, this Court in Madison explicitly observed that "review de novo" under the Vermont Constitution and 13 V.S.A. § 7556 did not automatically entitle a defendant to a second evidentiary hearing regarding hold-without-bail orders under § 7553a; making it, again, even clearer that it is the decision to hold without bail pursuant to § 7553a that is reviewable under § 7556(d). See Madison, 163 Vt. at 370-72.[5]

The plain language of § 7556(d) speaks clearly. The "independent, second evidentiary hearing . . . by a single Justice of the Supreme Court" that appellant is "entitled to" is a "hearing on the merits of the denial of bail." See 13 V.S.A. § 7556(d) (emphasis added); see also State v. Downing, 2020 VT 97, ¶ 2, 213 Vt. 643 (mem.), ("Pursuant to 13 V.S.A. § 7556(d), defendant is entitled to a review de novo on the merits of the denial of bail by a single Justice of the Supreme Court, with no deference on matters of fact or law to the trial court that issued the hold-without-bail order." (emphasis added)). This limited scope of review—a review of the initial detention order—is consistent with this Court's precedent. See. e.g., State v. Weaver, 2015 VT 44, ¶¶ 2-3, 198 Vt. 639 (mem.); State v. Stevens, 174 Vt. 450, 451 (2002) (mem.). Review of further detention pursuant to § 7553b does not fall within the scope of subsection (d).

This conclusion is also consistent with the plain language of the Rule of Appellate Procedure defendant cites. Specifically, Appellate Rule 9(b)(1)(A) states that the "[r]eview authorized by 13 V.S.A. § 7566(d)" is a review "of a denial of release under 13 V.S.A. § 7553a . . . by a single justice of the Supreme Court." (emphasis added). The Reporter's Notes to the 1994 Emergency Amendment of Rule 9 lend further support. The notes first outline that

> Rule 9(b)(1) applies to review of denials of release under 13 V.S.A. § 7553a, which permits denial in the case of a felony involving an act of violence "when the evidence of guilt is great

---

[5] In Lohr, this Court concluded that "once the elements of § 7553a are satisfied, there is no safe basis to release the defendant . . . ." 2020 VT 41, ¶ 14. A month later, the Court revisited the issue of discretionary release in White, 2020 VT 62. The Court clarified that Lohr does not sweep so broadly as to preclude exercise of any discretion if elements of section 7553a are satisfied. Id. ¶ 10. Instead, the Court explained that "a court's discretion to nonetheless release a defendant on bail or conditions may be narrow, but under the constitutional and statutory framework it is not nonexistent." Id. More specifically, the Court determined that "a trial court does have limited discretion to consider factors outside the statutory factors in deciding whether to hold a defendant without bail under § 7553a." Id. at ¶ 9. White appears to be largely limited to its facts. A major consideration underlying the decision was "the proximity of defendant's release date and the State's agreement that defendant will be released on conditions without cash bail within five days of defendant's father's burial service." Id. The Court also explicitly noted the limited reach of its decision. See id. at ¶ 8 ("We base this conclusion on the specific posture of th[e] case."); id. at ¶ 14 ("[T]rial courts have discretion in whether to consider releasing a defendant under these circumstances." (emphasis added)). An appeal from the exercise of this discretion is reviewable pursuant to § 7556(d). Id. ¶ 9 n.3 ("The trial court's decision [as to whether to exercise discretion and release defendant on bail or conditions despite the manifest need for incarceration] would be subject to defendant's right to appeal under § 7556(d)"). Defendant has not, however, requested discretionary release invoking appellate jurisdiction pursuant to subsection (d).

and the court finds, based upon clear and convincing evidence, that the person's release poses a substantial threat of physical violence to any person and that no condition or combination of conditions of release will reasonably prevent the physical violence."

Reporter's Notes—1994 Emergency Amendment, V.R.A.P. 9. The notes then go on to expressly state that "[a] person denied release in these circumstances is 'entitled to a review de novo by a single justice of the supreme court forthwith.'" Id. (quoting 13 V.S.A. § 7556(d)) (emphasis added).

Defendant does not seek review of the merits of the trial court's initial hold-without-bail decision but rather appeals from the trial court's July 1, 2024, decision attributing delay to defendant and denying his motion for bail review pursuant to § 7553b(b) and asserts that continued detention violates his statutory and constitutional rights. Section 7556(d) and Rule 9(b) are limited to de novo review of the merits of the order holding defendant without bail—the statutory and constitutional challenges raised by defendant fall outside the ambit of the statute and rule. "If there is no statutory authority for the allowance of [an] appeal," Roddy v. Fitzgerald's Est., 113 Vt. 472, 476 (1944), there is no jurisdiction for this Court to exercise over that appeal. Howe v. Lisbon Sav. Bank & Tr. Co., 111 Vt. 201, 207-08 (1940); see also State v. Hardy, 2008 VT 119, ¶ 13, 184 Vt. 618 (mem.) ("Our jurisdiction is provided by 13 V.S.A. § 7556 and authorizes only the review of the court's determination to hold defendant without bail." (emphasis added)).

IV. Conclusion

Because this Court's scope of review is constrained by statute and "it is beyond peradventure that an agreement of the parties cannot by itself confer appellate jurisdiction," In re Auction Houses Antitrust Litig., 42 F. App'x 511, 516 (2d Cir. 2002), defendant's appeal here falls outside the scope of § 7556(d) and Rule 9(b) and this appeal is dismissed.

Dismissed.

FOR THE COURT:

_____
John R. Treadwell, Superior Judge,
Specially Assigned

6